THE BROOKLYN MASONIC MUTUAL RELIEF ASSO-CIATION *v.* SARAH HANSON, APPELLANT, PHILIP W. MARETT, JR., AND OTHERS, RESPONDENTS.

*Insurance in a mutual benefit association—designation by the insured of " his family " as the beneficiary—who constitute the family*

Under a policy of insurance, issued by a mutual benefit association, upon the life of one Peter Hanson, his family was designated as the beneficiary thereof. The family, at that time, consisted of Hanson, his wife and one daughter. The daughter afterwards married and died, leaving her husband and four children surviving her, having, down to the time of her death, resided, together with her husband and children, with her father, but after her death her husband and children left the family of her father and never resided there after that time. Peter Hanson subsequently died.

*Held*, that the wife and daughter of the deceased were the beneficiaries under the policy, because they constituted the family of the assured when the contract was consummated; and when the daughter died the mother, who was all that was left of the family for whose benefit the contract and designation were made, became entitled to the benefit of the appointment and the proceeds of the contract of insurance.

APPEAL by the defendant Sarah Hanson from a judgment entered upon a decision of the Supreme Court, rendered at a Special Term thereof, in an action of interpleader brought by the plaintiff, a mutual benefit society, for the purpose of determining which of the defendants were beneficiaries under a contract of insurance issued by the plaintiff upon the life of one Peter Hanson.

*Charles J. Patterson*, for Sarah Hanson, appellant.

*George G. Barnard*, guardian *ad litem* of infant defendants, respondents.

DYKMAN, J.:

The plaintiff in this action is a charitable domestic corporation, organized for purposes of mutual benevolence. According to the constitution and by-laws of the association, within forty days after the presentation of satisfactory proof of the death of a member to the board of directors, there is due and payable to the persons entitled to the same as many dollars as there shall be members who pay the assessment levied on account thereof, not exceeding the sum of $1,000. The sum so payable is to be paid to such person or persons as shall appear by the books of the association who have been designated as the beneficiary. There are other provisions for payment to other persons where there has been no designation of a beneficiary, but they have no application to this case.

On the 14th day of September, 1872, Peter Hanson became a member of the association, and in his application for such membership he designated his family as the beneficiary thereof. At that time his family consisted of himself, his wife and one daughter, whose name was Sarah Elizabeth Hanson. The daughter afterwards married and died in July, 1886, leaving her husband and four children surviving. Down to the time of her death she resided, with her husband and children, with her father, but after her death her husband and children, left the family of her father and never resided there after that time.

Peter Hanson died in the city of Brooklyn in February, 1887, and upon the presentation of satisfactory proof of such death to the board of directors of the association an assessment was levied upon the members in accordance with the constitution and by-laws of the association, which resulted in the collection of $915, which is now payable by the plaintiff to the person or persons entitled to the same by reason of the membership and death of Peter Hanson.

Peter Hanson left his widow Sarah Hanson and four grandchildren, to whom reference has already been made, surviving him, and upon his death his widow claimed the fund, and the children of his deceased daughter claim to be entitled to the same also. Thereupon this action was commenced by the plaintiff to determine the rights of the respective claimants, and a trial has been had resulting in a judgment which awards one-third of the fund to the widow and one-sixth thereof to each of the grandchildren. The widow has

appealed from the judgment, and the case is before us upon such appeal. It will be well at the outset to determine the rights of the original parties. The constitution and by-laws of the association and the application and admission of the member constituted the contract which now controls the rights of the contending parties. The deceased man agreed to pay certain assessments and the association agreed to pay a sum of money to his family, and it was bound to pay to no other person. The family so designated, aside from the member himself, was made up of his wife and daughter, and he could derive no benefit from the fund because it was not payable and could not be realized until his decease. He had no interest in the fund, and possessed only a power to appoint the ultimate beneficiary; and the rights of the party or parties so appointed by him became vested as soon as they were specified, subject to be divested by a revocation of such appointment by the member in his lifetime by the designation of some other recipient upon the books of the association. No such change was made, and so the wife and daughter were the beneficiaries because they constituted the family of the member when the contract was consummated. Their interest in the fund was unlimited, because the designation included them as a class or an entirety; and when the daughter died the member was still alive and the mother was all that was left of the family for whose benefit the contract and designation were made, and she thus became alone entitled to the benefit of the appointment and the proceeds of the contract.

We deem it plain that membership was sought and accepted by the deceased for the benefit of the persons who constituted his household or family at the time of his application, and for their relief in case of his death; and as the widow is the only surviving member of that family, she alone fills the meaning of the term family, as employed by the member in his appointment and designation, and is entitled to the whole fund in controversy. While it is true that the case is novel and must be decided upon principle rather than authority, yet, we think, the conclusions reached are in harmony with the doctrine of the following cases, so far as they have any application: *Greeno* v. *Greeno* (23 Hun, 478); *Day* v. *Case* (43 id. 179); *Story* v. *Williamsburgh, etc., Association* (95 N. Y., 474); *Hellenberg Case* (94 id., 580).

This examination leads us to the conclusion that the widow is entitled to the whole fund in question, and as the facts are undisputed, the judgment should be reversed, and judgment should be entered in favor of the widow, awarding to her the entire fund.

PRATT, J., concurred.

Judgment reversed, and judgment ordered that the widow get the whole fund. No costs on this appeal.