### FITIE L. PITTS vs. THE HARTFORD LIFE AND ANNUITY INSURANCE COMPANY.

First Judicial District, Hartford, May Term, 1895. ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

A certificate of membership in an assessment insurance company, provided that the insured should pay certain mortuary assessments and a stated sum annually for expenses, "within thirty days from day on which notice bears date," and that if not paid when due "this certificate shall be null and void." The certificate further provided that a written notice directed to the address of the insured, as it appeared at the time on the books of the company, and deposited in the post-office at Hartford, should "be deemed a legal and sufficient notice for all purposes hereof." The application, which by reference was made a part of the certificate, also provided that if the insured should "omit or neglect to make any payment as required by the conditions of such certificate, then the certificate to be issued hereon shall be null and void, and all money paid thereon shall be forfeited to said company." *Held:—*

1. That under this contract payment by the insured of the stipulated sums as they become due must be regarded as a condition precedent to any subsequent liability on the part of the company.

2. That the fact that when the notice of a mortuary assessment was received by the insured, his mental faculties were so far impaired as to prevent him from doing business, was of no avail to the beneficiary in a suit to recover the sum insured.

3. The fact that the notice of the mortuary assessment also included an item for three months' expenses in advance, which the insured had for seven years elected to pay quarterly rather than monthly, did not render the notice defective.

4. The finding by the trial court that the notice addressed to the insured would, by due course of mail, have reached him by a certain time, must be regarded, in the absence of any evidence to the contrary, as a

finding that it did reach him at that time. Especially is this true where, as in the present case, the notice was subsequently found in the possession of the person to whom it was addressed.

[Argued May 7th—decided June 22d, 1895.]

ACTION to recover the amount of a policy of life insurance, brought to the Superior Court in Hartford County and reserved by that court, *Hall, J.*, upon the facts found, for the consideration and advice of this court. *Judgment advised for defendant.*

The case is fully stated in the opinion.

*William F. Henney* and *Arthur L. Shipman*, for the plaintiff.

I. There is no evidence that the certificate-holder received notice of this last assessment and these quarterly dues thirty days before his death. The case at bar is to be carefully distinguished from the cases which have arisen under "old line" insurance policies. Under such policies the policy-holder knows the exact amount due, as well as the date of payment, without any notice whatever. Under the assessment plan set out in the policy under consideration, the assured does not know, and cannot know, the amount to be paid, nor the date of payment, until the notice containing the same is received by him. Under the terms of the policy payments are to be made "within thirty days from day on which notice bears date." Unquestionably this clause must be interpreted to mean that payment is required within thirty days after the receipt of the notice. This particular point has been decided in a recent well considered case. *U. S. Mutual Accident Assn.* v. *Mueller*, 151 Ill., 254. There is no evidence in the case, and no finding by the court, as to when the notice was received or served upon the certificate holder. The burden of proof is upon the plaintiff to show receipt of the notice thirty days before the attempted forfeiture. *Hodsdon* v. *Guardian Life Ins. Co.*, 97 Mass., 147 ; *Protection Life Ins. Co.* v. *Palmer*, 81 Ill., 88 ; *Casner* v. *Farmer's Mutual Fire Ins. Co.*, 50 Mich., 273 ; *Scheufler* v. *Grand Lodge*, 45

Minn., 256; *McCorkle* v. *Texas Benevolent Association*, 71 Texas, 149.

The provision in the policy that a written or printed notice deposited in the post-office, shall be deemed a legal and sufficient notice for all purposes, is not a rule of evidence binding upon the trial court, nor recognized in any system of jurisprudence. Moreover, if proof at all, it is proof of the mailing of the notice, but not proof of the fact of service. *Protection Life Ins. Co.* v. *Palmer, supra.*

II. The certificate holder did not receive, by reason of mental incapacity, the notice required by the policy as a condition precedent to forfeiture for non-payment. *Courtney* v. *U. S. Masonic Benefit Association*, 53 N. W. Rep., 298 (Iowa). The court will not declare such a forfeiture unless there is no escape from it. *Hartford Life & Ann. Ins. Co.* v. *Unsell*, 144 U. S., 439; *Ins. Co.* v. *Norton*, 95 id., 234. The certificate in question could not lapse until after affirmative action on the part of the company declaring the forfeiture. *Protection Life Ins. Co.* v. *Palmer, supra; Northwestern Traveling Men's Asso.* v. *Schauss*, 148 Ill., 304.

The non-payment of the call in question was insufficient to work a forfeiture of the policy, because it demanded more than was due from the insured. *Eddy* v. *Phœnix Mut. Life Ins. Co.* 18 Atl. Rep. 89; May on Insurance, 500; *Ins. Co.* v. *Pierce*, 75 Ill., 426; *Noell* v. *Wentworth*, 58 N. H., 319.

*Theodore M. Maltbie*, for the defendant.

I. The defendant fully complied with the requirements of the contract relating to notice of an assessment, when it deposited a proper notice, properly addressed, in the post-office at Hartford. Under the express provisions of the contract, all risk of transmittal and delivery is assumed by the insured. The accepted rule is that receipt of notice can be shown by evidence that such notice, properly addressed, was duly mailed. *Huntley* v. *Whittier*, 105 Mass., 391; *Marston* v. *Bigelow*, 150 id., 45–53; *Rosenthal* v. *Walker*, 111 U. S., 185–193.

II. The assessment was properly made and the amount

due from the insured was correctly stated. The certificate provides for quarterly payments for expenses; but, if it did not, the custom of requiring and making such payments for a long time, would justify the notice, and the insured would be presumed to have assented to this form of payment.

III. The default of the payment due March 1st, 1891, rendered the certificate null and void. The condition of the insured, even if he were totally incapacitated, would not excuse failure to pay assessments as stipulated. *School District* v. *Dauchy*, 25 Conn., 530; *Worthington* v. *Charter Oak Life Ins. Co.*, 41 id., 372; *Wheeler* v. *Conn. Mut. Life Ins. Co.*, 82 N. Y., 543; *Howell* v. *Knickerbocker Life Ins. Co.*, 44 id., 276; *Klein* v. *N. Y. Life Ins. Co.*, 104 U. S., 88. The contract gives no right of reinstatement, and reinstatement can only take place upon affirmative action by the company.

ANDREWS, C. J. The plaintiff is the beneficiary named in a certificate of membership, or policy issued by the defendant in its safety fund department, on the life of Thomas D. Pitts, her husband. Thomas D. Pitts died on the 18th day of May, 1891, and this suit was brought to recover the amount named in the said certificate of membership, which certificate provided: " That upon the death of the member aforesaid while this certificate is in force, all the conditions hereof having been conformed to by said member, and upon receipt by the president or secretary of said company of satisfactory proofs of such death, an assessment shall be made upon the holders of all certificates in force in said department at the date of such death, according to the table of graduated assessment rates, given hereon, as determined by their respective ages and the number of such certificates in force at the date of such death, and the sum collected thereon (less ten cents per each member assessed for cost of collection) shall be paid — provided, however, that in no case shall the· payment upon this certificate in the event of such death exceed one thousand dollars — * * * to his wife, Fitie L. Pitts, if living, otherwise to his legal representatives within

ninety days after the receipt of such proofs, upon presentation and surrender of this certificate."

It was admitted that the defendant issued to said Thomas D. Pitts such a certificate as the plaintiff claimed, and that the said Thomas D. died on the day named, from a cause not therein excepted, and that due proofs of his death had been furnished to the defendant.

The defendant claimed that the said certificate had lapsed and become void, by the neglect and refusal of the said Thomas D. to perform the conditions and make the payments therein required to be performed and paid.

It is found by the Superior Court that the certificate was isssued by the defendant and accepted by the said Thomas D. on the 6th day of April, 1884, upon certain express conditions and agreements, among which are the following, viz: " The application on the faith of which this certificate is issued is hereby referred to and made a part of this contract. * * * The person to whom this certificate is issued, agrees to pay to said company three dollars per annum for expenses, on the first day of the month, after date of issue, and at every anniversary thereafter, so long as this certificate shall remain in force; or by monthly or other *pro rata* installments of the same in advance for periods of less than a year. And also agrees to pay to said company, upon each certificate that shall become a claim, an assessment in accordance with the table of graduated assessment rates, as printed hereon, within thirty days from day on which notice bears date. And further agrees to pay said company the sum of ten dollars towards said safety fund, within sixty days from the date of this certificate; * * * all such payments to be made direct to said company. * * * The holder of this certificate further agrees and accepts the same upon the express condition that if either the monthly dues, assessments, or the payment of the ten dollars towards the safety fund, as hereinbefore required, are not paid to said company on the day due, then this certificate shall be null and void, and of no effect, and no person shall be entitled to damages or the recovery of any moneys paid for protection while the certificate was in force, either from

said company or the trustees of the safety fund. * * * A printed or written notice, directed to the address of the member, as it appears at the time on the books of the company, and deposited in the post-office at Hartford, or delivered by an agent of the company, shall be deemed a legal and sufficient notice for all purposes hereof.    A transcript of the books of said company, certified by the secretary, showing such facts, shall be taken and accepted as conclusive evidence of the mailing of such notice, and of the facts aforesaid, as set forth in such transcript."    The application contained, among other stipulations, this one : " And if I or my representatives shall omit or neglect to make any payment as required by the conditions of such certificate, then the certificate to be issued hereon shall be null and void, and all money paid thereon shall be forfeited to said company."

It is also found that on the 30th day of January, 1891, the defendant made an assessment in due form, as provided by the said certificate, against the holder of the same, and notice of said assessment in the usual form was mailed in the post-office at Hartford, Conn., on that day, postpaid, directed to the proper post-office address of the said Thomas D. Pitts, at Pittsburg, Pa., which notice showed that there was due to the company by him, by virtue of such assessment and quarterly dues in advance, the sum of $6.43 ; which was due and payable at the office of the defendant, in Hartford, on or before March 5th, 1891.    Said notice, in due course of mail, would have been delivered to said Pitts on or before February 3d, 1891.    After his death it was found among his papers. The assessment and dues named in said notice were never paid.    Notices of quarterly assessments in the form above mentioned, had been sent to the said Thomas D. Pitts, for the seven years he had been a member of the defendant company, containing a statement of the amount assessed as his proportion of the mortality fund, and of monthly payments for expenses for three months in advance, in separate items, and he had during that time paid the amounts so stated in the notice without objection or dissent.

Thomas D. Pitts, the certificate holder, was on the 21st

day of February, 1891, assaulted and knocked down upon the street, and so severely injured as to become unconscious and remained so for some time. For some considerable period prior to that day he had been suffering from a tumor upon the brain, which impaired his mental condition; shown especially by loss of memory of passing events, loss of self-control and extreme irritability. Upon recovering consciousness from the blow, his mental impairment was noticeably increased, especially the loss of memory, and thereafter he attended to no business, and was unable and unfit to do so.

Upon these facts two questions are made by the plaintiff. First, whether it can be held that such notice of the amounts due was received by Mr. Pitts, as to render the policy void by their non-payment. In the argument this question is divided into two parts, which are: was the notice in fact received by Mr. Pitts more than thirty days before his death, and if so, was its effect avoided by his mental condition and second, whether the notice was itself defective and incompetent to cause a forfeiture of the policy, by reason of the fact that it called for a payment of three months' dues in advance, instead of one month, as allowed by the policy.

In discussing these questions, counsel for the plaintiff claim and assume that the right of the plaintiff to demand and receive the money named in the certificate of membership, is not lost, even though the assessment of January 30th, 1891, was never paid, unless there had been some action by the defendant company declaring a forfeiture.

In view of this claim it may serve to simplify these questions, if we first consider the terms of the contract between these parties as set forth in the certificate of membership. It therein appears that the obligation of the defendant to make an assessment on the death of Thomas D. Pitts, and to pay the money thereby received to this plaintiff, was conditional upon the payment to the company of the dues and assessments from him on the day they were due. No affirmative action on the part of the company was needed to cause this obligation to cease. On failure to make payment punctually, the certificate became by its terms null and void, and of no

effect. This language is in the application made by Mr. Pitts to the company when he desired to become a member, and is repeated in the certificate. The dealings between this defendant and its members are in accordance with this theory. Whenever a member failed from any cause to make the payments as stipulated in the contract, the company required from him an application to be reinstated as a member; and upon such application the company decided whether or not that person should or should not be reinstated, and so be or not be longer a member.

The contract shown by this certificate is one where the time of payment is of its very essence. Non-payment at the day involves absolute forfeiture, because the terms of the contract so prescribe, and the court has no power to vary the stipulations of the parties. It must be conceded that promptness of payment is essential in the business of life insurance as carried on by the defendant. All its calculations are based on the hypothesis of prompt payments. It calculates on the receipt of its assessments and other dues on the day they are payable. And as the amount of the assessment is itself to be determined by the number and the age of the members who are to pay it, and as these conditions change every day, it is impossible in a case where a member fails to pay, to restore the company to the condition it would have been in had that member paid on the day. It is on this basis that the defendant is enabled to offer insurance at the favorable rates it does. Forfeiture for non-payment is a necessary means of protecting itself from embarrassment. Unless it were enforceable the business of this company would be thrown into utter confusion. Delinquency cannot be tolerated or excused, except at the option of the company. This has always been the understanding and the practice of the defendant with its members. Whatever period of grace is accorded is a matter of stipulation, or of discretion on the part of the company. And when no stipulation exists it is the general understanding that time is material, and that the forfeiture is absolute if the dues are not paid. We must, therefore, regard the payment of the assessments and

dues, as a condition precedent to any subsequent liability on the part of the defendant. *New York Life Ins. Co.* v. *Statham et al.*, 93 U. S., 24; *Klein* v. *Insurance Co.*, 104 id., 88; *Worthington* v. *Charter Oak Life Ins. Co*, 41 Conn., 401.

If a course of conduct had been pursued between the company and its members from which a waiver could be found, a different construction would doubtless be put upon the contract. The conduct between the parties in this case has uniformly been in accordance with the strict terms of the certificate, and therefore the strict letter of the contract must be observed. *Hartford L. & A. Ins. Co.* v. *Unsell*, 144 U. S., 439.

The finding, by the ordinary rules of evidence, must be taken to mean that the notice of the assessment mailed at Hartford on the 30th day of January, 1891, reached Mr. Pitts not later than February 3d following. As this notice was addressed to him at the place where he resided and usually received his letters, it must be presumed that he received it in the due course of mail from Hartford to Pittsburg, Pennsylvania. This presumption is one of fact and of course may be rebutted. But in a case where there is no evidence to the contrary, as in this case, it is the duty of the jury or of the court to find the letter was received. 1 Greenl. Ev. § 40; *Oaks* v. *Weller*, 16 Vt., 63; *Russell* v. *Buckley*, 4 R. I., 525; *Huntley* v. *Whittier*, 105 Mass., 392; *Oregon Steamboat Co.* v. *Otis*, 100 N. Y., 446; *Henderson* v. *Carbondale Coal & Coke Co.*, 140 U. S., 26; *Schutz* v. *Jordan*, 141 id., 213; *Rosenthal* v. *Walker*, 111 id., 185; *Marston* v. *Bigelow*, 150 Mass., 45. In this case the presumption is strengthened almost to a certainty, by the fact that the notice was found in the possession of Mr. Pitts.

It is argued by the plaintiff that, although the notice did come into the hands of Mr. Pitts, yet by reason of his mental condition he should be treated as though it had never come to him. Here again we must be governed by the terms of the contract between the parties. It is agreed in the certificate of membership on which this action is brought, that the depositing in the post-office at Hartford, of a written or

printed notice, directed to Mr. Pitts at his address, "shall be deemed a legal and sufficient notice for all the purposes" of the contract. The argument of the plaintiff overlooks this stipulation, and assumes that it was the duty of the defendant company to get the notice into the hands of Mr. Pitts, and was also responsible for his condition of mind when he got it. This argument cannot be sustained. The defendant has never undertaken any such obligation as the plaintiff assumes. The language of this court in *Worthington* v. *Charter Oak Ins. Co.*, *supra*, is exactly applicable to this case :—

"In terms, the contract is a simple one. The defendants, in effect, say to the other party, 'pay at the time stipulated and you are insured; omit such payment and our proposition is withdrawn, and your right to insure is extinguished.' It is impossible to put any other construction upon it. There is no room for doubt or uncertainty. The payment required is in no sense conditional. The proposition is not, pay if convenient; pay unless sudden sickness prevents; pay unless some unexpected turn of fortune deprives you of the means of paying; pay unless the act of God or the law intervenes to prevent payment; but absolute payment is required. To make it still clearer, the proposition is not, if poverty, sickness, accident, or the law prevents payment, you shall be insured the same as if you had paid. None of these risks were taken by the defendant; they were all taken by the insured. Every word of the instrument, embodying the agreement of the parties, is consistent with this view of the contract, and the whole instrument, when fairly considered, is inconsistent with any other view of it. It would seem that this analysis of the contract would of itself be a sufficient answer to the plaintiff's claims."

In *Wheeler* v. *Conn. Mut. Life Ins. Co.*, 82 N. Y., 550, it is said that "while as a general rule, where the performance of a duty created by law is prevented by inevitable accident, without the fault of the party, the default will be excused, yet when a person by express contract engages absolutely to do an act not impossible or unlawful at the time, neither in-

evitable accident, nor other unforeseen contingency not within his control, will excuse him, for the reason that he might have provided against them by his contract. (*Harmony* v. *Bingham*, 12 N. Y., 99, 107 ; *Adams* v. *Nichols*, 19 Pick., 275 ; *Leavitt* v. *Fletcher*, 10 Allen, 119 ; *Pollard* v. *Shaaffer*, 1 Dall., 210 ; *Linn* v. *Ross*, 10 Ohio, 412 ; *School District* v. *Dauchy*, 25 Conn., 530 ; 1 Chitty on Contracts, 11th Ed., 67 ; Rolle Abr., 420.) The principle thus established has been especially applied in reference to policies of insurance, where the payment of the premium is held to be a condition precedent which must be kept or the policy falls." See also the *N. Y. Life Ins. Co.* v. *Statham et al.*, 93 U. S., 24 ; *Roehner* v. *The Knickerbocker Life Ins. Co.*, 63 N. Y., 160 ; *Evans* v. *U. S. Life Ins. Co.*, 64 id., 304.

The notice sent to Mr. Pitts was a good one, in any event, of the amount of his assessment to the mortality fund. This amount was in the notice, set in an item separate from the amount of the monthly dues. If it be true, as claimed by counsel for the plaintiff, that he had the right to exercise his choice as to whether he would pay the monthly due one month in advance or three months, it would seem that the seven years' usage to pay three months in advance, which he had uniformly followed without objection or dissent, a usage adopted for his safety and convenience as well as for that of the company, would be sufficient to show that he had exercised his choice to pay each three months in advance, and that the notice was not defective.

The Superior Court is advised to render judgment for the defendant.

In this opinion the other judges concurred.