Freckmann vs. Supreme Council of the Royal Arcanum.

FRECKMANN, Respondent, vs. SUPREME COUNCIL OF THE ROYAL
ARCANUM, Appellant.

*April 7 — April 30, 1897.*

*Mutual benefit societies: Failure to pay assessment: Suspension of mem-
ber ipso facto.*

Under a by-law of a mutual benefit society providing that any mem-
ber failing to pay an assessment within thirty days after notice
thereof "shall stand suspended from the order and all benefits
therefrom," a failure to pay within such time operates *ipso facto*.
to suspend the delinquent without any action on the part of the
society.

APPEAL from a judgment of the superior court of Milwau-
kee county: R. N. AUSTIN, Judge. *Reversed.*

On the 11th of August, 1892, John Henry Freckmann
joined a subordinate council of the Royal Arcanum, and re-
ceived a benefit certificate for the sum of $1,500, payable in
case of his death to his wife (plaintiff here), provided "that
said member is in good standing in this order at the time of
his death." One of the by-laws of the defendant, which be-
came a part of the contract, is as follows:

" Sec. 473. Each member shall pay the amount due on
the notice of the collector within thirty days from the date
of such notice, and any member failing to pay such assess-
ment within said thirty days *shall stand suspended from the
order and all benefits therefrom.*"

. On the 1st of November, 1893, an assessment was levied·
on the members of the order, and due notice was given to
Freckmann to pay it. He did not pay it at any time. Freck-
mann became treasurer of his council in February, 1893, and
in November, 1893, was tried before a committee of the
council upon charge of defalcation, and on the 28th of said
month was found guilty, and expelled from the order. On
the 8th day of December, 1893, Freckmann died. A verdict
for the plaintiff for the full amount of the benefit certificate

and interest was directed, and from judgment thereon the defendant appealed.

*Elihu Colman,* for the appellant.

*M. N. Lando,* for the respondent.

WINSLOW, J.   It is claimed that the trial and expulsion of Freckmann were irregular, and hence void.   We need not consider this question, because upon another ground it is plain that the plaintiff cannot recover.   The certificate was only payable in case Freckmann was a member of the order in good standing at the time of his death.   The by-law which provided for suspension from the order in case of nonpayment of an assessment was plainly self-executing. In case an assessment is not paid within thirty days from the date of the notice, the member *"stands suspended"* from the order.   No action by the council was necessary; the suspension was complete at the expiration of the thirty days. Niblack, Ben. Soc. & Acc. Ins. (2d ed.), § 289; *Lyon v. Royal Society of Good Fellows,* 153 Mass. 83.   Hence Freckmann was not a member in good standing at the time of his death.

*By the Court.*— Judgment reversed, and action remanded for a new trial.

CASSODAY, C. J., took no part.