AULTMAN, MILLER & COMPANY v. CLARA PRICE *et al.*

No. 13,393.   (75 Pac. 1019.)

SYLLABUS BY THE COURT.

HOMESTEAD AND EXEMPTIONS—*Rights of Family of Deceased—* "*Family*" *Defined.* The owner and his wife occupied eighty acres of farming land as their homestead. The husband died and the widow continued to occupy the land as a homestead. Their children had all arrived at the age of majority and lived in homes of their own. *Held*, that the widow was "the family of the owner," and as such was entitled to hold the homestead, exempt from the payment of the debts of her deceased husband as long as she continued so to occupy it.

Error from Douglas district court; C. A. SMART, judge. Opinion filed March 12, 1904. Affirmed.

*Brownell & Poehler*, for plaintiffs in error.
*John Q. A. Norton*, for defendants in error.

The opinion of the court was delivered by

CUNNINGHAM, J.: Thomas B. Price owned eighty acres of farming land, which he and his wife, Clara, occupied as a homestead. Their children had all arrived at the age of majority and lived in homes of their own. While thus occupying the land, Price died, and his wife continued to occupy it as her home-

stead. A judgment had been rendered against Price in favor of plaintiffs in error, and after his death they sought to subject the land in question to the payment of this judgment. The question is, whether or not this can be done; whether the constitutional provision relative to homestead exemption protects this land from sale while occupied as a home by the widow only. We are clearly of the opinion that it does. The constitutional provision is as follows:

"A homestead to the extent of one hundred and sixty acres of farming land . . . occupied as a residence by the family of the owner, together with all improvements on the same, shall be exempt from forced sale under any process of law." (Const., art. 15, § 9.)

The property in question is of the character named. It is occupied as a residence. The only remaining question is: Does the widow constitute the family of the owner? It would seem that the mere statement of the question is its sufficient answer. No one would claim that the land would be subject to forced sale while the owner lived and occupied it with his wife. This is so because the wife living with him constituted his family and thus afforded the basis for the constitutional protection. It is none the less true after the death of the owner himself. (*Cross v. Benson*, ante, page 495, 75 Pac. 558.)

The cases of *Battey v. Barker*, 62 Kan 517, 64 Pac. 79, 56 L. R. A. 33, and *Ellinger v. Thomas*, 64 id. 180, 67 Pac. 529, are cited by the plaintiffs in error in support of their claim that the land in question is not protected from their judgment. The scope of these decisions is entirely misunderstood. In the Ellinger case, Thomas, the owner of the property, after the death of his wife occupied it alone. He, therefore, had no

family; he could not be his own family, and, as the protection afforded is to the "family of the owner," the necessary basis for the exemption did not exist there.

The Battey case is much nearer the debatable line. In that case the family consisted of a daughter twenty-seven years of age; but applying the rule adopted by the legislature in the statute of descents and distributions for ordinarily determining the age to which children might arrive and yet be of the family in the constitutional sense, it was concluded that such an one did not constitute the family of the owner, under the circumstances of that case.

In holding that the land in controversy in the case at bar could not be subjected to the payment of the judgment against the deceased husband while it was occupied by the widow, the court below was correct, and its judgment will be affirmed.

All the Justices concurring.