OLESKE *v.* PIOTROWSKI.

[No. 9,930.   Filed October 9, 1919.]

1. INSURANCE.—*Life Insurance.—Forfeiture.—Self-Executing By-Laws.*—Where a beneficial association's constitution is in such terms as to render it self-executing, the society need not take affirmative action against a member in order to declare a for-

feiture, but the right to benefits is lost immediately upon the default which by the constitution forfeits rights to benefits. p. 140.

2.  INSURANCE.—*Life    Insurance.—Society's    Constitution.—Construction.*—The terms "those left behind" and "the family," as used in a provision of a beneficial association's constitution that suicide of a member deprives such groups of death benefits, are broad enough to include the wife of a member. p. 140.

3.  APPEAL.—*Review.—Instructions.—Failure to Include Evidence in Record.*—Where the evidence is not in the record, none of the instructions given will be held erroneous if correct under any evidence admissible under the issues. p. 141.

From LaPorte Circuit Court; *H. L. Crumpacker,* Judge.

Action by Augusta Oleske against Frank J. Piotrowski and others. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*Cornelius R. Collins* and *Jeremiah B. Collins,* for appellant.

*Theron F. Miller* and *W. W. Pepple,* for appellees.

NICHOLS, P. J.—The appellant sued the appellees, in the LaPorte Superior Court, in their representative capacity, as representing a voluntary association of more than 300 individuals, organized for the mutual benefit of the members thereof. The benefits paid by the society are on account of the sickness or death of its members, such benefits being paid out of the treasury of the society, and by levying an assessment on account of the death of any member. This action was brought by the appellant to collect for benefits which she alleged to be due on account of the death of her husband, Valentine Turczinski, who appellant alleged was a member of said society in good standing at the time of his death, such society being an unincorporated society and represented by the appellees. Since the death of her said husband, the appellant has remarried to one Oleske.

The complaint was in one paragraph, to which appellees answered in four paragraphs, the first being a general denial. The second amended paragraph averred in substance that appellant's husband became a member of the society, known as the "Polish Lancers, under the Protection of St. Casimer the Prince," on or about January 6, 1906. In answer to certain questions propounded to him, said husband said that he had acquainted himself with the constitution of the society, which was in the Polish language, and that he desired to submit himself to it and to the by-laws of the society. The constitution provided that each member should pay dues of twenty-five cents per month, and $1.50 on the death of any member, and, if any member was back in paying his dues, penalties, or assessments, and if, after notification by the secretary, he failed to pay at the next nearest meeting, or failed to offer some valid excuse, he thereby lost his rights to sick or mortuary benefits. In the year 1910, the custom which the secretary had theretofore followed, of sending out notices to delinquents, was discontinued, and from May 16, 1910, to November 21, 1910, the date of the husband's death, the method provided by the constitution was followed, which method was to read at each meeting the number of members in good standing, and of those back in their payments. According to custom, this method of reading the names of those back in their payments constituted notice, and said husband knew of said method of notice, during all the time, and agreed to be governed thereby; but, notwithstanding, failed to pay his monthly dues from May 16, 1910, to November 21, 1910, and failed to pay an assessment of $1.50 because of the death of a member

in good standing, July 20, 1910, and a like assessment because of the death of another member, September 8, 1910. On September 16, 1910, said husband received notice of his delinquency by having his name read at a regular quarterly meeting held at that time; but failed to pay or offer valid excuse, and did not pay or offer valid excuse at the next regular meeting, which was held October 17, 1910, and said husband never did make such payment of his delinquent dues and assessments, and the same were unpaid at the time of his death. Thereby said husband forfeited all his and appellant's rights to sick and mortuary benefits.

The reamended third paragraph of answer averred suicide, and that nothing was due appellant by virtue of the provision of the constitution in Polish language, which means: "The family of a member whose death was due to drunkenness or suicide is not entitled to demand any expenses from the society, and the society is not bound to take care of the funeral, and will not keep guard over the deceased." And §2: "Those who commit suicide deprive those left behind of the rights to the death benefits."

The fourth paragraph of answer averred a rule contained in the constitution in the Polish language, which means that "every member who, after being received into the society, steps out of its ranks by his own accord, thereby ejects himself from the society and has no rights to the moneys he paid into the society up to that time," and that said husband stepped out of the ranks of his own accord about May 16, 1910, and did not thereafter seek to return, and that he thereby ejected himself from the society.

Appellant filed motion to require appellees to make

their second paragraph more specific, and a like motion as to the fourth paragraph of answer. Each of these motions was overruled. There was no error in either of these rulings, as each of said paragraphs was sufficiently specific as to the matter in the motion addressed thereto.

Appellant filed a several demurrer to the second, third and fourth paragraphs of answer, in the discussion of which she contends that the insured's failure to pay or offer some valid excuse did not terminate his contract of insurance, without some action on the part of the society; but where, as in this case, the laws governing a society are in such terms as to render them self-executing, the society need not take affirmative action against a delinquent in order to declare a forfeiture, but the right to benefits is lost immediately upon the default which by the rules constitutes the grounds of forfeiture. *Freckmann* v. *Supreme Council, etc.* (1897), 96 Wis. 133, 70 N. W. 1113; *Pitts* v. *Hartford, etc., Ins. Co.* (1895), 66 Conn. 376, 34 Atl. 95, 96, 97, 50 Am. St. 96; *Munger* v. *Brotherhood, etc.* (1916), 176 Iowa 291, 154 N. W. 879, 880; *Bosworth* v. *Western Mut. Aid Society* (1888), 75 Iowa 582, 39 N. W. 903, 904; *Lehman* v. *Clark* (1898), 174 Ill. 279, 51 N. E. 222, 225, 43 L. R. A. 648. Appellant contends that the clause of said contract, forfeiting as to "those left behind" and as to "the family," does not include the appellant, who was the wife of the insured. We need no authorities to establish the proposition that "those left behind" is broad enough to include the wife; and that "family" includes the wife has been many times decided. *Hall* v. *Stephens* (1877), 65 Mo. 670, 27 Am. Rep. 302; *Bradley* v. *An-*

*drews* (1884), 137 Mass. 50; *Cross* v. *Benson* (1904), 68 Kan. 495, 75 Pac. 558, 64 L. R. A. 560; *Aultman, Miller & Co.* v. *Price* (1904), 68 Kan. 640, 75 Pac. 1019; *Nye* v. *Grand Lodge, etc.* (1893), 9 Ind. App. 131, 36 N. E. 429; *Marsh* v. *American Legion, etc.* (1889), 149 Mass. 512, 21 N. E. 1070, 1072, 4 L. R. A. 382; *Brooklin, etc., Relief Assn.* v. *Hanson* (1889), 53 Hun 149, 6 N. Y. Supp. 161; *Britton* v. *Royal Arcanum* (1889), 46 N. J. Eq. 102, 18 Atl. 675, 676, 19 Am. St. 376.  Other objections were discussed by the appellant, but we do not deem them of such force as to justify the extending of this opinion in their consideration.  The several demurrer was properly overruled.

The evidence is not in the record; therefore none of the instructions given will be held erroneous, if correct under any evidence admissible under the issues. *Schuster* v. *State* (1912), 178 Ind. 320, 322, 99 N. E. 422; *Mankin* v. *Pennsylvania Co.* (1903), 160 Ind. 447, 454, 455, 67 N. E. 229; *Ferris* v. *State* (1901), 156 Ind. 224, 230, 59 N. E. 475; *Conden* v. *Morningstar* (1884), 94 Ind. 150, 151.  With this rule of law before us, we have carefully examined the instructions challenged, reading them with the instructions as a whole, and we find no error in them.

The judgment is affirmed.