## In re McFARLAND.
### No. 30598.
District Court, W. D. Washington, N. D.
Dec. 6, 1930.

The defendant, a mill hand, was adjudicated bankrupt on November 5, 1929. The schedules showed no assets in the nature of wage claims or savings account. At the first meeting of creditors, the bankrupt voluntarily disclosed a small savings account of $5; that he was working as a mill hand, earning $4 per day, averaging about five days per week. The record discloses some difficulty on the part of a bookkeeper in arriving at the amount due, and at one time $15.99 was reported, and later disclosure showed $56.12. It was also disclosed at the time of adjudication the bankrupt had 25 cents in his pocket, which was not scheduled. When the disclosures were made, the bankrupt immediately applied for leave to amend the schedule, which was granted by the referee, and the wages were claimed as exempt.

Voluminous exceptions are filed to the exemption claims.

Concisely stated, they are: (1) That he failed to schedule the 25 or 30 cents he had in his pocket; (2) that he failed to schedule the savings account of $5; (3) that he failed to schedule $15.99 wages, and likewise disclaimed an equity in a Whippet auto, which was returned as an asset; the disclaimer was because the auto had been reclaimed by the automobile agency for default in installment payments; (4) that the schedule amending the $15.99 item was not true; and (5) that there is confusion between the $56.12 amount of wages due for October and the $15.99 earning in November; (6), (7), and (8) are largely repetitions; and, because of the discrepancies and the bad faith disclosed, the bankrupt is not entitled to any exemption upon the face of the record; and it being shown that the bankrupt and his wife are divorced, and that, although the bankrupt is by decree of court ordered to pay $25 a month for the support of two minor children in the custody of the mother, he is not thereby a householder nor the head of a family, nor having a family dependent upon him for support.

From an order allowing the exemption, a review is sought.

Benjamin W. Sherwood, of Everett, Wash., for objecting creditor.

Chas. A. Turner, of Everett, Wash., for bankrupt.

NETERER, District Judge.

Under a fair consideration of the testimony and the record, I think it is made to appear that the bankrupt mill hand acted fairly, in so far as his intelligence and knowledge directed him, and there was no intent or purpose at any time to mislead or defraud the creditors or to withhold any of his assets with fraudulent intent. Fraud is never presumed. The bankrupt states that the entire matter arose from a misunderstanding between him and his lawyer and from the information received from the employer as to the amount of wages due. The omission could more reasonably be credited to the attorney than the bankrupt.

The administration of the bankruptcy laws must be liberally construed, and not by strict interpretation deprive the unfortunate of the benefits permitted by wise and humane public policy. The attorney for the trustee has filed a closely typewritten brief covering some nine or ten pages of manuscript paper, and a supplemental and reply brief, largely repetition of former briefs, and citing many cases having no bearing whatever on, and not elucidating, the issue here.

Section 703, Remington's Compiled Statutes 1927 Supp. (section 1, c. 287, p. 703, Laws of Washington, 1927), provides: "Twenty dollars out of each week's wages or salary for personal services, rendered by any person having a family dependent upon him for support, shall be exempt. * * * "

A man may have a family, whether it is living with him or not. A family has been defined as a "collective body of persons in one home under one head or management," and the general exemption laws of Washington use the term "householder"; the head of a family shall have exempt certain personal property, and, likewise, a homestead of given value, but this special statute exempts to a person "having a family dependent upon him for support."

The exemption laws of the state of Washington have uniformly been liberally construed. In re Crook (D. C.) 219 F. 979; Hills v. Joseph (C. C. A.) 229 F. 865; Lemagie v. Acme Stamp Works, 98 Wash. 34, 167 P. 60.

The family is said to be the greatest moral phenomenon in the history of the human race, and under the Roman law included father, mother, children, slaves, moneys, lands, houses, etc. The welfare of the unfortunate and the need for immediate means of subsistence

have modified this all-inclusive rule. A widow, though her children are all of age (Aultman, Miller & Co. v. Price, 68 Kan. 640, 75 P. 1019), or a widow without children (Moore v. Parker, 13 S. C. 490), or a deserted wife without children (Berry v. Hanks, 28 Ill. App. 51) have been held heads of a family.

Bequests to a family include parents and children, whether living together or not. Higgins v. Safe Deposit & Trust Co. of Baltimore, 127 Md. 171, 96 A. 322. See, also, Hall v. Stephens, 65 Mo. 670, 27 Am. Rep. 302; Taylor v. Watson, 35 Md. 519. And by the same token the minor children of the bankrupt, in the custody of his divorced wife, upon the record in this case, is a family dependent upon him for support within the purview of this statute; all of the money in issue being wages, except the savings account.

The order of the referee is affirmed.