[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
This is a tax appeal in which defendant, Commissioner of Revenue Services, had moved to dismiss on the ground that the appeal was not taken within the one month period provided in C.G.S. Sec. 12-237. The appeal was served on defendant on December 14, 1990. Defendant claims that the final determination was served on plaintiff by mail on October 18, 1990. Plaintiff claims it did not receive notice of the final determination until November 15, 1990, when it called defendant's office to inquire about the pending determination and was sent a copy of the determination by FAX machine.
On March 18, 1991, an evidentiary hearing was held before the court, which more or less substantiated the documentary claims of both parties. Testimony was heard from Ron Caruso, Supervisor of Mail Processing, Donna Jones, Director of Taxes and Investments for the plaintiff, Rita Zegler, a secretary, and John B. King, Tax Appellate Officer. Ms. Jones testified that she appeared at a June 18, 1990 hearing on the subject matter of this appeal; that she was the responsible officer for following the matter; that thereafter she communicated with John B. King on several occasions and was advised that the determination would be late; that she last telephoned Mr. King on November 13 and he was unavailable; that he called her on November 15 to tell her that the determination had been issued on October 18 and mailed to plaintiff; that Ms. Jones advised him she had never seen the letter of determination; that thereupon he faxed to her a copy of the October 18 letter of determination.
Ordinarily if a letter is mailed to the correct address with the correct postage it is presumed that it was received. Pitts v. Hartford Life Annuity Ins. Co. 66 Conn. 376, 384 (1985). Such a presumption can be rebutted by substantial countervailing evidence that it was in fact not received. Tait and LaPlante, Handbook of Connecticut Evidence 2nd Ed Sec. 5.2.2. Receipt of the letter then becomes an issue of fact. Wigmore, Evidence, Revised 1981, vol. 9 sec. 2519.
"It is manifestly more compelling that the right of appeal, if it is to have any value, must necessarily contemplate that the person who is to exercise the right be given the opportunity of knowing there is a decision to appeal from . . . ." Kron v. Thelen 178 Conn. 189, 193 (1979).
Under all the circumstances, since the plaintiff did not receive the CT Page 5400 notice of determination until November 15, the appeal would appear to be timely.
Motion to Dismiss denied.
WAGNER, J.