[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff instituted the present action seeking to recover monetary damages for personal injuries sustained by the plaintiff when she fell as a result of a claimed defective condition of a sidewalk. Liability is sought to be imposed upon the defendant by virtue of the provisions of General Statutes § 13a-149 which provides for municipal liability and further provides, in pertinent part, that such an action may not be brought "unless written notice of such injury and a general description of the same, of the cause thereof and of the time and place of its occurrence shall, within ninety days thereafter be given to a selectman or the clerk of such town. . ."
The defendant has now moved for a summary judgment asserting that the written notice provided in the statute was never given and therefore the plaintiff has failed to establish a condition precedent to her right to maintain the action. The defendant has also filed, in support of the motion, an affidavit by the City Clerk stating that she never received any notification with respect to the plaintiff's injuries from the date of the accident and ninety days thereafter. Under our highway statutes the requirement that notice be given contemplates that the notice be delivered and that simple mailing of the notice is not sufficient compliance with the requirements of the statute. See e.g. Rapid Motor Lines v. Cox,134 Conn. 235, 237-238 (1947).
The plaintiff has filed an affidavit that a letter constituting the required statutory notice was prepared and mailed postage pre-paid to the address of the city clerk and that the plaintiff's law firm, who mailed the notice, did not receive any notification from the United States Postal Service indicating nondelivery of the notice. Proof of the mailing of a letter to a CT Page 9325-A person at the correct address with correct postage creates a presumption that the letter was received by the addressee. Garlandv. Gaines, 73 Conn. 662, 664 (1901); Pitts v. Hartford Life Annuity Insurance Co., 66 Conn. 376, 384 (1895).
While the plaintiff bears the burden of proving that the written statutory notice was delivered to the defendant, the presumption of receipt is sufficient to raise a question of fact so as to defeat a motion for summary judgment. Accordingly, the Motion for Summary Judgment filed by the defendant is hereby denied.
RUSH, J.