[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from the order and decree of the Probate Court for the District of New Haven relating to the Estate of Ruth Romer Cohen, late of New Haven. The Motion for Appeal states that the Probate Court on November 4, 1993, denied the claim of Gruntal Co., Inc. and denied Gruntal's Motion to Reopen the Estate after holding hearings on December 29, 1992, March 18, 1993 and September 9, 1993. The Probate Court entered a decree allowing an appeal to the Superior Court on November 29, 1993.
Thereafter the appeal was returned to this court on December 28, 1993. The Reasons of Appeal were filed on January 10, 1994. The reasons contained two counts. The second count alleged that the defendant Gerald Cohen did not act in "goodfaith" in the distribution of the estate as required by the General Statutes §§ 45a-356 and 45a-357.
Defendant filed a request that the plaintiff delete this count from the complaint. [Reasons of Appeal] (106), and on May 4, 1994, the plaintiff deleted Count II (107).
The basis for plaintiff's appeal is detailed in CT Page 542 paragraphs 14-17 inclusive of the first count of the Reasons of Appeal.
Paragraph 14 states that on December 2, 1992, a claim [against the estate of Ruth Romer Cohen] was filed on behalf of Gruntal, Inc. with the New Haven Probate Court.
Paragraph 15 states that on November 4, 1993, the Probate Court, relying on General Statutes 45a-356, denied Gruntal's claim and Gruntal's corresponding Motion to Reopen the Estate.
Paragraph 16 alleged that the Probate Court's ruling is misplaced and incorrect.
Paragraph 17 asserts that claim is timely pursuant to General Statutes § 45a-357.
The Probate Court's Memorandum of Decision (Exh. 0) decreed that General Statutes § 45a-356 bars this claim in this forum inasmuch as it bars all claims not presented within 150 days from the date of the appointment of the executor; and (b) it exonerates the executor if his actions were in "good faith." The memorandum stated that the latter issue [good faith] is not before the Probate Court. As previously noted, the plaintiff deleted Count II from the Reasons of Appeal. The Probate Court found that since plaintiff's claim presented on December 2, 1992 was not presented within 150 days of the appointment of the executor; i.e., July 23, 1991, it is no longer a claim against the estate and claimant's remedies are in General Statutes § 45a-368. The Probate Court denied the claim and the motion to open the estate.
An appeal from the Probate Court to the Superior Court is a de novo proceeding in which the Superior Court is not limited to the claims raised in the Probate Court therefore allowing an appellant to present any evidence in the Superior Court which could have been offered in the Probate Court whether it was offered or not. Baskins Appeal from Probate,194 Conn. 635, 641 (1984).
Based on the evidence submitted to the court, the court finds: Ruth Romer Cohen died on July 9, 1991. In her estate inventory dated October 1, 1991, was listed 4,647 shares of Comcast Corporation Special Class A. On 5 May 1992, the Probate CT Page 543 Court authorized her executor, Gerald Cohen, the defendant herein, to sell this stock. The stock, actually 4,646 shares, was sold on May 14, 1992 for a gross amount of $73,174. The proceeds were distributed in accordance with the will of the testatrix on or about June 18, 1992 (Exh. 9). The distribution was received in equal shares by the defendant executor and his sister, Carole Cohen.
Prior to the death of Ruth Romer Cohen, on November 17, 1989, the plaintiff informed the defendant that his mother had received the stock in question in error and therefore requested that defendant return these shares to plaintiff. (Exh. Y). Shortly thereafter, November 20, 1989, plaintiff requested the return of the stock from Ruth Romer Cohen. (Exh. 1). This demand was followed by a second demand dated December 6, 1989, also addressed to Ruth Romer Cohen. (Exhs. 2 and 3).
Ruth R. Cohen referred the November 20, 1989 letter (Exh. 1) to her son, Attorney Gerald Cohen, who acknowledged it on December 6, 1989, requesting registration numbers of securities involved. (Exh. 4). By letter of January 11, 1990 (Exh. 5), Attorney Cohen inquired about the lack of response to Exhibit 4 (Exh. 5). This letter was copied to Gruntal's representative in New Haven. On April 12, 1990, Attorney Cohen again inquired of defendant about the registration number of securities mentioned in plaintiff's November 20, 1989 letter (Exh. 1) to his mother, Ruth Romer Cohen. This letter was also copied to his mother and Gruntal's New Haven representaive [representative].
On April 24, 1990, Gruntal's New York office responded to Attorney Cohen's inquiry about the "4647 shares of ComcastCorp. Special Class A sent to Ruth Cohen, to which she was notentitled." This letter (Exh. 7) listed 2371 shares of Class A Special ZQ 14315; 1879 shares of the Common Class A ZQ 16575.
Ruth Romer Cohen died on July 9, 1991. Attorney Cohen was appointed executor on July 23, 1991. By order of the court he published Notice to Creditors on July 30, 1991, that conformed to § 45a-354, once in the New Haven Register on July 30, 1991. On September 24, 1991, the defendant executor mailed to the plaintiff a Notice to Creditors to Present Claims (Exh. E). This notice was sent by certified mail to Gruntal Co., 14 Wall St., New York, N.Y. 1005-2176. This address was on the letterhead of plaintiff's letter to Attorney Cohen, dated April 24, 1990 (Exh. 7). CT Page 544
The plaintiff offered testimony before the court that it did not receive this letter. The court also admitted evidence from the plaintiff in the form of a postcard addressed to plaintiff in New Haven from the post office in New York to the effect that there was no record of delivery of Exhibit E, Certified No. P 936-052 206. The executor testified that he mailed this notice certified mail to the plaintiff at its N.Y., N.Y. address, depositing the notice in a mailbox at the corner of State Ridge Road in Hamden, Connecticut. The court finds that the executor did in fact mail this letter. "Proof of mailing a letter to a person at the correct address with correct postage creates a presumption that such letter or other item was received by the addressee." Garland v. Gaines, 73 Conn. 662, 664 (1901);Pitts v. Hartford Life Annuity Insurance Co., 66 Conn. 376, 384
(1895) C. Tait J. LaPlante. Connecticut Evidence (2d Ed.) Sec.5.5.6. This presumption can be rebutted by substantial countervailing evidence that the letter was not in fact received.
Section 45a-353(k) of the General Statutes defines "Notice" as that term is used in Section 45a-357. Exhibit E complied with this definition. Neither 45a-353(k) nor 43a-357 requires the use of a return receipt to accompany the certified mailing. The notice authorized by § 45a-357 does not explicitly require that the creditor actually receive the notice. Exhibit E, the optional notice procedure advised the addressee, plaintiff, that any claim it had against the Estate of Ruth Romer Cohen, deceased, must be presented in writing to the fiduciary on or before December 24, 1991, and that failure to present any such claim by that date will result in the loss of right to recover on such claim, General Statutes § 45-357. Plaintiff did not submit a written claim on or before December 24, 1991. "Failure to receive a notice does not preclude the court from determining that the notice was actually sent in accordance with the law;"Vecchio v. Sewer Authority, 176 Conn. 497, 503 (1979).
Subsection (d) of the statute, 45a-357, suggests however that the court not make this determination. This subsection provides "any creditor who, through no fault of his own, has failed to present his claim within the time set forth in the notice (December 24, 1991) given to said creditor pursuant to subsection (a) of this section may submit an application for an extension of time to file such claim with the court of probate within one hundred eighty days from the date of such notice. Plaintiff's notice (Exh. E) was dated 24 Sept. 1991. Plaintiff CT Page 545 offered no evidence that it submitted a claim within this one hundred eighty-day period.
Plaintiff's first contact with the executor defendant was by telephone on or about May 28, 1992. At that time Attorney Berman advised the executor that he had been retained by the plaintiff on May 22, 1992. The executor advised Attorney Berman that his mother was dead; that the estate was in the process of being closed an administration account having been filed (Exh. H) dated May 28, 1992, and approved by the court.
Attorney Berman requested proof of probate which was supplied to him on July 27, 1992 (Exh. 9).
Thereafter Attorney Berman called the probate court on December 2, 1992 and followed up with a letter to the Court of Probate on the same date (Exh. 10). The letter asked for advice regarding the claim. In response the Probate Court ordered a hearing for December 29, 1992 upon the application of the petitioner, Gruntal Co.
In its decision (Exh. O), the Probate Court found that the claim having not been presented within the 150-day period was barred by § 45a-356.
The court considered whether General Statutes § 45a-357
was applicable but rejected its application because it found that the required notice (Exh. E) was never received.
The appellant contends before this court that 45a-357
is applicable since the notice (Exh. E) which Attorney Cohen deposited in the mail triggered its application. Appellant urges this court to find that the first notice of death received by the appellant Gruntal was on July 27, 1992 (Exhibit 9), and therefore the letter of December 2, 1992 (Exhibit 10) was timely pursuant to General Statutes § 45a-357(c). ". . . within one hundred and eighty days from the date of such notice."
The notice in question is dated September 24, 1981 (Exhibit E); a claim filed December 2, 1992 would not be timely. However, the court finds that Attorney Berman received actual notice of the status of Ruth Romer Cohen's estate on May 28, 1992. Using that date as the measuring date for the 180-day period mandates that the claim filed on December 2, 1992 was untimely and outside the grace period provided by General CT Page 546 Statutes § 45a-357(c).
Accordingly the appeal is denied.
Dorsey, J.
State Trial Referee