55  599¹
126  402

## HART *v.* THE STATE.

CRIMINAL LAW.—*Larceny.*—*Indictment.*—*Description of Stolen Property.*—An indictment charging the defendant with having unlawfully and feloniously stolen, taken and carried away "bank-bills" of a certain denomination, "a more particular description of which bank-bills can not now be given," of a certain value specified, and the property of a person named, is sufficient on motion to quash.

SAME.—*Evidence.*—On the trial of the defendant upon such indictment, a conviction upon evidence describing the property simply as "bills" is erroneous.

SAME.—*Judicial Notice.*—The courts of this State take judicial notice of the fact that there are classes of notes and bills, other than bank-bills, in circulation as money.

From the Clinton Circuit Court.

*J. M. Gorman,* for appellant.

*H. C. Wills,* Prosecuting Attorney, for the State.

NIBLACK, J.—This was a prosecution, founded on an indictment for grand larceny.

The indictment charges that Joseph Hart, on the 20th day of February, A. D. 1877, at the county of Clinton and State of Indiana, " did then and there unlawfully and feloniously steal, take and carry away two bank-bills, of the denomination of twenty dollars each, a more particular description of which said twenty-dollar bank-bills can not now be given; said two twenty-dollar bank-bills being then and there of the value of twenty dollars each, and said two twenty-dollar bank-bills being then and there of the aggregate value of forty dollars: and one bank-bill of the denomination of ten dollars, a more particular description of which said ten-dollar bank-bill can not now be given; and said ten-dollar bank-bill being then and there of the value of ten dollars, and all of said two twenty-dollar bank-bills and said ten-dollar bank-bill being then and there of the aggregate value of fifty dollars, and said two twenty-dollar bank-bills and said ten-dollar bank-bill being then and there the personal property and chattels of Jesse S. Davis."

The defendant moved to quash the indictment, but the motion was overruled.

There was then an arraignment, a plea of not guilty, a trial by a jury, followed by a verdict of guilty. Motions for a new trial and in arrest of judgment were then each successively made and overruled, and judgment was rendered on the verdict.

Errors are assigned here:

1st. On the overruling of the motion to quash the indictment;

2d. On the overruling of the motion for a new trial; and,

3d. On the overruling of the motion in arrest of judgment.

It is objected that the indictment in this case is substantially defective for want of a more specific description of the bank-bills charged to have been stolen. The case of Arnold v. The State, 52 Ind. 281, is cited in support of

that position. As we construe that case, however, it tends rather to sustain the sufficiency of the indictment. The conclusion we draw from it is, that in an indictment for larceny of bank-bills it is sufficient to charge their number,—that is, how many—their denomination and their value. That seems to have been sufficiently done in the case at bar. See, also, 1 Greenl. Ev., sec. 65. We think the objection to the indictment is not well taken, and that the court did not err in overruling the motion to quash it.

One of the causes assigned for a new trial was, that the verdict of the jury was not sustained by sufficient evidence.

On the trial, Davis, the injured party, was the principal, and the only material, witness for the State. After detailing the circumstances under which he lost his money, he said " There were two twenty-dollar bills and a ten-dollar bill taken from me. Hart got the money. It was of the value of fifty dollars; the twenty-dollar bills were worth twenty dollars each, and the ten-dollar bill was worth ten dollars." That was the only description Davis gave of the money.

The defendant and his witnesses referred to the money in the same general way, and none of them spoke of it as consisting of bank-bills.

We understand the rule to be, in cases like the one before us, that the evidence on the trial must be sufficient to enable the jury to say, whether the property proved to have been stolen is the same with that on which the indictment is founded.

The indictment in this case having charged that the money stolen consisted of bank-bills, it was incumbent on the State to prove that the bills, or some portion of them, were bank-bills. See, again, 1 Greenl. Ev., sec. 65, above cited.

If there were no other bills in circulation than bank-bills, then, perhaps, the jury might have inferred from the

testimony, that the bills referred to were bank-bills; but we must take judicial notice of the fact that there are other classes of notes and bills in circulation as money, and, hence, no inference can be properly drawn as to what class the bills belonged. *Rex* v. *Craven,* Rus. & Ry. 14; *Regina* v. *Bond,* 1 Den. C. C. 517.

We are of the opinion, that the failure to show that the bills alleged to have been stolen were bank-bills was a material omission, and that, in consequence, the verdict of the jury was not sustained by the evidence. The judgment will have to be reversed.

The judgment is reversed, and the cause remanded for a new trial.

The clerk will issue the proper notice to the warden of the northern state-prison.