## ROOKER *v.* THE STATE.

CRIMINAL LAW.—*Uttering Forged Endorsement of Promissory Note.—Indictment Containing Copies of Note and Endorsement.—Evidence.—Variance in Dates in Note and Copy.*—On the trial of a defendant charged with having uttered a forged endorsement of a promissory note, upon an indictment containing copies of both the note and endorsement, the State gave in evidence the original note and endorsement, which corresponded with such copies in every material part, except that there was an erasure in the figures indicating the date of the note, the figures first made being the same as those appearing in the indictment and the amended figures fixing the date a day earlier.

*Held,* that there was a fatal variance, and that the evidence was incompetent.

*Held,* also, that a copy or description of the note was essential to the sufficiency of the indictment.

From the Marion Criminal Circuit Court.

*R. E. Smith, D. Moss* and *R. R. Stephenson,* for appellant.

*T. W. Woollen,* Attorney General, and *J. B. Elam,* Prosecuting Attorney, for the State.

NIBLACK, J.—The proceeding in this case was a criminal prosecution for forgery.

The indictment contained two counts.

The first charged Oliver P. Rooker, the appellant, with uttering and publishing, as true and genuine, a certain false, forged and counterfeit promissory note, setting out

such note in full, and averring an intent to defraud one of the alleged makers of the note.

The second count charged, that the appellant, on the 26th day of August, 1876, did utter and publish, as true and genuine, two certain false, forged and fraudulent indorsements of a certain promissory note for the payment of money, which note was in the words and figures following, that is to say :—

"$1,638.66.                    INDIANAPOLIS, Aug. 26th, 1876.

"Ten days after date, we promise to pay to the order of Wm. W. Rooker and J. I. Rooker, negotiable and payable at the Indiana National Bank of Indianapolis, Indiana, sixteen hundred and thirty-eight $\frac{66}{100}$ dollars, with five per cent. attorney's fees upon the principal of this note, value received, without any relief whatever from valuation or appraisement laws, with interest at the rate of ten per cent. per annum after maturity. The drawers and endorsers severally waive presentment for payment, protest and notice of protest and non-payment of this note.

"OLIVER P. ROOKER,
"S. P. ROOKER."

Which indorsements consisted of the names of "Wm. W. Rooker" and "J. I. Rooker," written upon the back of said note, and were intended to represent the names of William W. Rooker and James I. Rooker, whom it was averred the appellant intended to defraud.

The appellant moved to quash both counts of the indictment, applying his motion separately to each, but his motion was overruled.

Upon a trial by a jury the appellant was found guilty upon the second count in the indictment, and his punishment fixed at a fine of five dollars and imprisonment in the state-prison for the term of four years. After overruling a motion for a new trial, raising, amongst other things, questions upon the evidence, the court rendered a judgment of conviction upon the verdict.

During the progress of the trial, what purported to be an original note, substantially the same in all respects as the copy set out in the second count of the indictment, as above stated, except as to the date, was offered and admitted in evidence on the part of the State, over the objection of the appellant. By agreement of parties, that note, in its original form, has been attached to. and certified to this court as a part of, the bill of exceptions for our inspection here. As it comes to us there is an erasure in the date of the note which renders it uncertain as to what figures were first made to indicate the day on which it purported to have been executed, but an inspection of the note convinces us that the amended figures upon the face of it make it bear the date of August 25th, 1876, one day earlier than the date named in the copy set out in the second count of the indictment, and in consequence made it fall due one day sooner than the day named in the copy.

But it is argued, that, as the *gravamen* of the offence charged by this second count of the indictment was the uttering and publishing of the forged endorsements only upon the note set out in that count, the precise terms and contents of such note were not directly involved in the description of the crime charged, and that, hence, so much of such count as purported to set out an exact copy of the note was surplusage merely, not required to be proved upon the trial; that consequently, as strict proof of the precise terms and contents of the note was not required, the alleged variance as to dates, conceding it to exist, was immaterial, and worked no injury to the appellant.

We can not, however, agree to the rule of criminal pleading thus insisted upon. It was necessary that the note should be particularly described and set out, so that the character of the instrument on which the alleged forged endorsements were made should be made to appear to the court. It is only as to certain classes and descrip-

tions of instruments, or paper writings, that a forged endorsement is prohibited, or could be made to defraud any one. 2 R. S. 1876, p. 439, sec. 30.

But suppose the note was unnecessarily set out in the count of the indictment upon which the appellant was convicted, still, the note being thus set out, it became a matter of description, and had to be proved as alleged. *Morgan* v. *The State*, 61 Ind. 447.

In any view of this case which we have been able to take, the variance between the note and the copy set out and referred to as above was material, and therefore fatal. The admission of the note in evidence was consequently erroneous.

We have not considered the sufficiency of the indictment, or any of the other questions discussed by counsel. See, however, the case of *Yount* v. *The State*, 64 Ind. 443.

The judgment is reversed, and the cause remanded for a new trial. The clerk will give the necessary notice for a return of the prisoner.