## SCHUSTER *v*. STATE OF INDIANA.

[No. 22,181. Filed October 11, 1912.]

1. CRIMINAL LAW.—*Testimony of Accomplice.—Instructions.*—Under §2111 Burns 1908, Acts 1905 p. 584, §235, which provides that an accomplice in a crime is a competent witness for the State when he consents to testify, an instruction that the evidence of such accomplice so testifying, should be received and weighed and considered the same as any other testimony in the case, and that, if it is found satisfactory, it may alone be sufficient to support a conviction, is not erroneous. p. 321.

2. APPEAL.—*Record.—Review.—Instructions.*—Where the evidence is not in the record on appeal an instruction will not be held erroneous if it is correct on any supposable state of facts that might be proved by evidence legally admissible under the issues. p. 322.

3. CRIMINAL LAW.—*Determination of Law and Facts.—Instructions.*—An instruction, in a criminal case, that the jury is the judge of the law as well as the facts, and that if the jurors can each say on their oath that they know the law better than the court, they have a right to do so, but that they should be assured that they are not acting from caprice or prejudice, but from a deep and confident conviction that the court is wrong and they are right, and before saying this, on their oath, it is their duty to reflect whether from their study and experience, they are better qualified than the court to judge the law, and if under such circumstances they are prepared to say that the court is wrong in its exposition of the law, the Constitution and the statute has

given them the right, is erroneous in that it imposes a restriction not contemplated by Art. 1, §19, of the State Constitution, which makes the jury the judge of the law as well as the facts, and is an attempt to nullify that provision. p. 323.

4. CRIMINAL LAW.—*Instructions.—Duty of Court.*—It is the duty of the court in a criminal case to inform the jury that it is the judge of both the law and the facts, and to instruct it as to the law so as to enlighten the judgment of its members, but not to bind their consciences. p. 323.

From Miami Circuit Court, *Joseph N. Tillett,* Judge.

Prosecution by the State of Indiana against John A. Schuster. From a judgment of conviction, the defendant appeals. *Reversed.*

*Charles W. Watkins* and *John A. Kersey,* for appellant.
*Thomas M. Honan,* Attorney-General, *Thomas H. Branaman, Edwin Corr,* and *James E. McCullough,* for the State.

SPENCER, J.—Appellant was tried and convicted of arson. The issue was whether or not appellant, in order to defraud a fire insurance company, had hired the prosecuting witness, Arthur Winger, to burn his hotel property. Trial by jury, finding appellant guilty as charged. Judgment of conviction was pronounced by the court.

Appellant seeks reversal on the ground that the court erred in overruling his motion for a new trial, by giving and refusing to give certain instructions.

The thirteenth instruction requested by the State and given by the court is as follows: ''It has been provided by the Legislature that an accomplice may testify for the State at the trial of one jointly accused of crime.

1. That is, two or more persons alleged to have been implicated in the doing of a criminal act, one of such persons whether under indictment or not, may become a witness for the State upon the trial of his alleged partner in crime, and by his confession and admissions testify against the defendant and implicate him in the performance of the felonious deed. It is further the law that the evidence of such accom-

plice so testifying for the State should be received by the court and jury and weighed and considered the same as that of any other testimony in the case, and if found satisfactory by the jury, may be sufficient, if the jury conclude to convict the defendant although testimony of such accomplice is standing alone uncorroborated by any other evidence in the case.'' Appellant insists that this instruction is erroneous in charging that the testimony of an accomplice was to be received, weighed and considered by the jury in the same manner as any other testimony. Section 2111 Burns 1908, Acts 1905 p. 584, §235, provides who are competent witnesses, and that an accomplice is a competent witness when he consents to testify. In this case, the accomplice, Arthur Winger, consented to and did testify, thereby becoming a competent witness, and his evidence was entitled to be received, weighed and considered by the jury in the same manner as the evidence of any other witness.

"It has been decided by this court, and we think correctly, that, while it is the duty of the court and jury to carefully scrutinize the testimony of an accomplice, yet a person may be convicted on the testimony of an accomplice alone, if his testimony shall be sufficiently satisfactory to the jury." *Johnson* v. *State* (1879), 65 Ind. 269. See, also, *Conway* v. *State* (1889), 118 Ind. 482, 485, 21 N. E. 285. We are not prepared to say that this instruction was erroneous.

The fourth instruction requested by the State and given by the court, of which appellant complains that it was erroneous and harmful, we conclude is subject to criticism, and is very inartistically drawn; but in view of the fact that the evidence is not in the record, we are not prepared to say the giving of such instruction was reversible error. If the instruction is correct on any supposable state of facts that might be proved by evidence legally admissible under the issues, it will not be held erroneous. *Ferris* v. *State* (1901), 156 Ind. 224, 230, 59 N. E. 475; *Mc*

*Intosh* v. *State* (1898), 151 Ind. 251, 253, 51 N. E. 354; *Mankin* v. *Pennsylvania Co.* (1903), 160 Ind. 447, 454, 67 N. E. 229; *Rapp* v. *Kester* (1890), 125 Ind. 79, 82, 25 N. E. 141.

The fifth instruction requested by the State and given by the court was as follows: "The court instructs the jury that they are the judges of the law as well as the facts in this case, and if they can each say upon their oath that they know the law better than the Court itself, then they have the right to do so. But before assuming so solemn a responsibility they should be assured that they are not acting from caprice or prejudice, that they are not controlled by their will or their wisdom, but from a deep and confident conviction that the Court is wrong and that they are right. Before saying this, upon their oath, it is their duty to reflect whether from their study and experience, they are better qualified to judge the law than the court. If, under all these circumstances, they are prepared to say that the Court is wrong in its exposition of the law, the constitution and the statute has given them the right."

The Constitution of our State (Art. 1, §19) provides that "in all criminal cases whatever, the jury shall have the right to determine the law and facts." This section of the Constitution declares in the broadest and most imperative terms that in all criminal cases the jury shall have the right to determine the law as well as the facts. It is the duty of the court to instruct the jury as to the law of the case, and at the same time inform it that it is the judge of both the law and the facts. Instructions in criminal cases are not to bind the consciences of the jurors, but to enlighten their judgments. The above instruction imposes a restriction on the jurors not imposed by the Constitution; consequently said instruction is in conflict therewith, and erroneous, in that it takes from the jury its entire freedom as the judge of the law and the facts, and imposes on it a

restriction not contemplated by the Constitution, but attempts to nullify it.

Questions as to giving and refusing to give other instructions are presented. The evidence not being in the record, we have only considered such instructions as are necessary for a determination of this case, those not considered might be affected by evidence offered or that might have been given.

Judgment reversed, with instructions to sustain appellant's motion for a new trial, and for further proceedings not inconsistent herewith.

NOTE.—Reported in 99 N. E. 422. See, also, under (1) 12 Cyc. 627; (2) 3 Cyc. 169; (3, 4) 12 Cyc. 588. As to convictions on the testimony of an accomplice, see 98 Am. St. 158.