## PARSONS v. STATE OF INDIANA.

[No. 23,824. Filed June 9, 1921. Rehearing denied October 12, 1921.]

1. CRIMINAL LAW.—*Evidence of Accomplices.—Corroboration by Confession.*—In a criminal prosecution if it be necessary that the testimony of accomplices be corroborated before it may be introduced in corroboration of a confession, this evidence may be sufficiently corroborated by the confession of defendant. p. 196.

2. CRIMINAL LAW.—*Evidence.—Confession by Inducement.—Competency. — Corroboration by Accomplice. — Statutes.* — Under

§2115 Burns 1914, Acts 1905 p. 584, §239, making a confession competent evidence and providing that the confession shall be corroborated, and §2111 Burns 1914, Acts 1905 p. 584, §235, making accomplices who consent to testify competent witnesses, the induced confession of accused may be corroborated by the testimony of an accomplice. p. 196.

3. CRIMINAL LAW.—*Accomplice Competent Witness.—Evidence need not be Corroborated.*—An accomplice to a crime is a competent witness when he consents to testify (§2111 Burns 1914, Acts 1905 p. 584, §235), and his testimony need not be corroborated. p. 196.

4. CRIMINAL LAW.—*Receiving Stolen Goods.—Evidence That Defendant Received Similar Property.—Admissibility.*—In a criminal prosecution for knowingly receiving, concealing and aiding in the concealment of a stolen automobile, evidence, admitted over the defendant's objection, that he had received and concealed, or helped to conceal, other automobiles was competent to show guilty knowledge and intent. p. 197.

5. CRIMINAL LAW.—*Evidence.—Order of Introduction.—Discretion of Trial Court.—Corpus Delicti.*—The order of proof in criminal cases is largely in the discretion of the trial court, and where the *corpus delicti,* by the very necessity of the case, must be proved by piecing together detached bits of evidence, the defendant cannot complain of the order of introduction of evidence. p. 197.

6. CRIMINAL LAW.—*Evidence.—Quality. — Questions for Trial Court and Jury.*—In a criminal prosecution, the quality of the evidence is peculiarly for the trial court and for the jury. p. 197.

From Marion Criminal Court (50,719) ; *James A. Collins,* Judge.

Prosecution by the State of Indiana against Harry Parsons. From a judgment of conviction, the defendant appeals. *Affirmed.*

*J. Herbert Hartman, William H. Faust* and *Robbins & Weyl,* for appellant.

*U. S. Lesh,* Attorney-General, and *Mrs. Edward Franklin White,* for the state.

TOWNSEND, C. J.—Appellant was indicted under §2273 Burns 1914, Acts 1905 p. 584, §381, for knowingly receiving, concealing and aiding in the concealment

of a stolen automobile.    A trial by jury resulted in his conviction.

It is claimed that the verdict is not sustained by sufficient evidence, in this, that there is a total lack of evidence to identify the automobile charged in the indictment as an automobile knowingly received by appellant.

Appellant's contention finally reduces itself to this, that the only evidence introduced to identify the car was that of. the alleged thieves, and that this is 1. uncorroborated.    In this connection it is sufficient to say that appellant's own confession was corroboration; but it is contended by appellant that because this confession was made under inducement that it must be corroborated, and that the corroboration of the confession by the thief is not sufficient.

In all of these propositions counsel for the appellant are in error.    Section 2115 Burns 1914, Acts 1905 p. 584, §239, makes a confession by inducement 2. competent evidence, and provides that the matters which induced the confession shall be heard by the jury, and this section then provides that such confession shall be corroborated.    Corroboration by an accomplice is sufficient.    It has been held in this state that one may be convicted upon the testimony of an accomplice alone, if it is sufficiently satisfactory to the jury.    *Johnson* v. *State* (1879), 65 Ind. 269.

Our Code, by the third subdivision of §2111 Burns 1914, Acts 1905 p. 584, §235, makes accomplices who consent to testify competent witnesses; and this 3. court in *Schuster* v. *State* (1912), 178 Ind. 320, 99 N. E. 422, approved an instruction which told the jury that they might convict upon the uncorroborated testimony of an accomplice.    *Johnson* v. *State, supra,* and *Conway* v. *State* (1889), 118 Ind. 482, 485, 21 N. E. 285, are there cited with approval.

It is also complained by appellant that evidence was admitted, over his objection, that he had received and concealed, or helped to conceal, other stolen cars.

4. This was competent to show guilty knowledge and intent. Many of appellant's objections are to the order in which testimony was introduced.

5. That is to say, they go to the question as to whether the corpus of the crime was made out, before certain evidence is admissible. The order of proof in such case is largely in the discretion of the trial court. *Knox* v: *State* (1905), 164 Ind. 226, 236, 72 N. E. 255, 108 Am. St. 291. The corpus of the crime, by the very necessity of such a case as this, must be proven by piecing together detached bits of evidence.

Appellant's complaint about the sufficiency of the evidence in this case goes rather to the quality of the evidence than to its quantity. Its quality is

6. peculiarly for the trial court and for the jury.

The verdict is sustained by sufficient evidence and no prejudicial error was committed in the admission or exclusion of evidence.

Judgment of the trial court is affirmed.