## VORHEES *v.* STATE OF INDIANA.

### [No. 24,014.  Filed March 29, 1922.]

1. CRIMINAL LAW. — *Witnesses.*— *Competency.*— *Accomplices.*— *Evidence.*—*Sufficiency to Sustain Conviction.*—An accomplice is a competent witness under §2111 Burns 1914, Acts 1905 p. 584, §235, and a person charged with the commission of a crime may be convicted on the uncorroborated testimony of an accomplice.  p. 17.

2. CRIMINAL LAW.—*Trial.*—*Refusal of Instructions.*—*Repetition.* —It is not error to give requested instructions, though they are correct, where the subject-matter thereof is fully and sufficiently covered by other instructions given.  p. 18.

3. CRIMINAL LAW.—*Appeal.*—*Briefs.*—*Waiver of Error.*—Where appellant's brief fails to point out the place in the bill of exceptions, or any other place in the transcript, where he objected to the appointment of an interpreter, or, if such objection was made and overruled, that he excepted to such ruling, no question as to such appointment is presented for review. p. 18.

From Huntington Circuit Court; *Claude Cline*, Special Judge.

Prosecution by the State of Indiana against Edward T. Vorhees.  From a judgment of conviction, the defendant appeals.  *Affirmed.*

*Burge H. Hurd*, for appellant.

*U. S. Lesh*, Attorney-General, and *Mrs. Edward Franklin White*, for the state.

TRAVIS, J.—This case is a prosecution for manufacturing intoxicating liquor, and keeping such intoxicating liquor with the intent to sell, barter, exchange, give away, furnish and otherwise dispose of the same, in vio-

lation of §4, Acts 1917, commonly known as the Prohi-
bition Law, Acts 1917 p. 15, §8356a *et seq.* Burns' Supp.
1918.

As disclosed by the evidence, appellant resided in a
city, and was engaged in the business of conducting
a soft drink saloon, and the sale and rental of real es-
tate.   Prior to March 17, which was the day the main
witness, as tenant, moved upon the small farm con-
nected with this case, appellant approached the witness
with the proposition that he rent the farm, move upon
it and distill whiskey for appellant; the appellant to pay
the cash rent for the farm, and advance money to pur-
chase materials to make the mash from which the dis-
tillate was made; which arrangement was consummated.
After witness moved to the farm, appellant was a visitor
to the farm nearly every day until the day of his arrest.
The tenant, under an arrangement with appellant,
agreed to and did distill whiskey on the farm, which
whiskey was taken by appellant from the farm in his
automobile, and paid for at the rate of $15 per gallon;
and, as appellant told the witness, he was selling it for
$1 per drink at his soft drink saloon, and to other per-
sons at other places.   At the time of the raid on the
farm, whiskey and the distilling apparatus, together
with mash in process were found, under writ of a search
warrant, and were confiscated.   The evidence given by
the tenant, as the chief witness for the state, was par-
tially corroborated by other witnesses.   Appellant de-
nied any knowledge of the presence of any still or the
manufacture of any whiskey on the farm, or that he
ever purchased, transported, or sold any whiskey taken
from the farm.

The trial of the issue by the plea of not guilty re-
sulted in a verdict of guilty by the jury.   The court
rendered judgment upon the verdict, and appellant ap-
pealed.

Appellant, by his motion for a new trial, claimed nine errors of law during the trial, all of which were abandoned except four, on account of making no points thereunder.  The errors claimed in the motion for a new trial and pointed out and argued in the brief are:  That the verdict is contrary to law; for refusing to give certain instructions requested by defendant; because the verdict is not sustained by sufficient evidence; and, for appointing the interpreter of evidence over objection.

Appellant maintains that the evidence given by the main witness for the state is of such a character that it is wholly worthless for the reason that the witness confessed to making the whiskey, which the appellant is charged with having taken, which makes him an accomplice; and unless such evidence is corroborated, it is insufficient upon which to base a conviction.

An accomplice is a competent witness, §2111, cl. 3, Burns 1914, Acts 1905 p. 584, §235; and a defendant who is charged with the commission of a crime

1. may be convicted upon a charge based upon §4, Acts 1917 p. 15, *supra*, on the uncorroborated testimony of an accomplice.  *Johnson* v. *State* (1879), 65 Ind. 269, 271.

The evidence being competent and every element of the offense having been proved, the verdict is not contrary to law.

The court refused to give three instructions numbered 2, 3 and 4, to the jury, which had been tendered by the appellant, and which instructions were solely upon the question of reasonable doubt.  An examination of the record discloses that the court of its own motion gave thirteen instructions, six of which were upon the question of reasonable doubt; and also two instructions offered by the defendant upon the question of reasonable doubt.  The instructions so given by the court not only

covered the reasoning in the instructions which were refused, but had also been approved by this court in former cases. *Garfield* v. *State* (1881), 74 Ind. 60; *Toops* v. *State* (1883), 92 Ind. 13; *Morgan* v. *State* (1921), 190 Ind. 411, 130 N. E. 528.

It is not error to refuse to give proper instructions, though requested by defendant, the subject-matter of which was fully and sufficiently covered by other instructions given. *Duncan* v. *State* (1908), 171 Ind. 444, 451, 86 N. E. 641.

2.

Appellant maintains, in his motion for a new trial, and by his brief, that the court erred in the appointment of the interpreter of evidence of a certain witness. Appellant fails to disclose by his brief the place in the bill of exceptions of the evidence, or any other place in the transcript, where he objected to the appointment of such interpreter; and if such objection was made, whether or not it was overruled; and if overruled by the court, that he excepted to such ruling. An examination of the bill of exceptions of the evidence and of the record does disclose that appellant did object to the appointment of such interpreter, and that such objection was overruled by the court, but the bill of exceptions or record does not disclose that appellant excepted to such ruling of the court. No affirmative action having been taken in the trial court upon which to base the error for review, this specification of error, as made by the motion for a new trial, is waived.

3.

The evidence is sufficient to sustain the verdict, and the verdict is not contrary to law. There was no error in refusing to give the instructions tendered. The question of the interpreter is not presented for review.

Judgment affirmed.