## ADAMS v. STATE OF INDIANA.

[No. 24,224. Filed November 23, 1923. Rehearing denied April 24, 1924.]

1. CRIMINAL LAW.—*Evidence.—Procuring Absence of Witness.—Admissibility.*—Evidence that defendant had attempted to prevent a codefendant jointly indicted with him from testifying on behalf of the State, and, by threats and intimidation, had attempted to get such witness out of the jurisdiction of the court, is admissible, although it tends to prove another offense. p. 514.

2. CRIMINAL LAW.—*Instruction.—Alibi.—Reasonable Doubt.*—An instruction that the jury should find the defendant not guilty if the evidence in support of an alibi raised a reasonable doubt was not objectionable as requiring the defendant to assume the burden of proving such alibi where the court, immediately following, gave an instruction to acquit the defendant if the evidence in the cause relevant to the alibi, either when considered alone or when taken together with all the other evidence in the cause, raised a reasonable doubt of the guilt of the defendant. p. 516.

3. CRIMINAL LAW.—*Burden of Proof.—Reasonable Doubt.*—In this state, the defendant in a criminal case is not required to satisfy the jury of the existence of any fact which constitutes a complete defense, but it is sufficient if he creates in the minds of the jurors a reasonable doubt of the existence of such fact, it being sufficient to entitle the defendant to acquittal if the evidence in the case is such as to create a reasonable doubt as to his guilt. p. 516.

4. CRIMINAL LAW.—*Instruction.—Duties of Jurors.—Advising with Other Jurors in Order to Reach Verdict.*—An instruction that a juror should not allow mere pride of personal opinion to prevent him from consulting with fellow-jurors, and reasoning and deliberating with them, in an honest and good-faith effort to arrive at a just verdict, is not objectionable on the ground that it might mislead any juryman to believe that he must yield his opinion to that of his fellow-jurors. p. 518.

5. CRIMINAL LAW.—*Instruction.—Testimony of Accomplice.—Sufficient to Establish Guilt.*—An instruction that if the testimony of an accomplice "shall be found sufficiently satisfactory

to the jury", it might find the defendant guilty on his testimony alone, is not erroneous, as the language quoted would have been understood to mean that if his testimony should be found to establish the guilt of the defendant beyond a reasonable doubt, the jury might return a verdict of guilty on his testimony alone.   p. 518.

6. CRIMINAL LAW.— *Instruction.— Testimony of Defendant.— Manner of Judging.*—An instruction which, as a whole, instructed the jury to apply the same standards to the testimony of the defendant as it applied to the testimony of other witnesses was not erroneous and clearly was not harmful to the defendant.   p. 519.

7. CRIMINAL LAW.—*Appeal.—Sufficiency of Evidence.—Evidence to be Considered.*—In determining whether the verdict is sustained by sufficient evidence, the Supreme Court must consider only the evidence favorable to the State.   p. 520.

8. CRIMINAL LAW.—*Appeal.—Conviction on Testimony of Accomplice.*—A judgment of conviction will not be reversed on appeal although the only evidence for the State was that of an accomplice, which was disputed in every detail, as this would require the Supreme Court to weigh the evidence.   p. 520.

9. CRIMINAL LAW.—*Testimony of Accomplice.—Competency.— Sufficiency.*—Under §2111 Burns 1914, Acts 1905 p. 584, accomplices are competent witnesses when they consent to testify, and a defendant may be convicted on the uncorroborated testimony of an accomplice if satisfactory to the court or jury trying the case.   p. 520.

From Jay Circuit Court; *Alonzo L. Bales,* Special Judge

Prosecution by the State of Indiana against George W. Adams for larceny.   From a judgment of conviction, he appeals.   *Affirmed.*

*Malcolm V. Skinner* and *James R. Fleming,* for appellant.

*U. S. Lesh,* Attorney-General, and *Mrs. Edward Franklin White,* Deputy Attorney-General, for the State.

WILLOUGHBY, C. J.—The appellant was tried upon an indictment charging him with larceny of certain auto-

mobile tires and tubes valued at $350. The larceny is alleged to have been committed in Jay county. The indictment was in one count, jointly charging George W. Adams and two others with the larceny. On his motion, the appellant was tried separately upon a plea of not guilty. The trial was by jury and a verdict of guilty was returned, upon which judgment was entered, from which this appeal is taken.

The only error assigned is on the court's action in overruling appellant's motion for a new trial. The appellant says that it was error for the court to give, upon its own motion, instructions numbered 5, 6, 7, 14 and 15, that the verdict of the jury is not sustained by sufficient evidence and is contrary to law, that the court erred in admitting improper evidence which influenced or caused the verdict.

We will first consider appellant's objection to the introduction of evidence. Evidence was admitted over the objection of the appellant tending to show

1. that the appellant, after his indictment and before the trial of the cause, had attempted to prevent one Angus Butcher, who was jointly indicted with this appellant, and who had confessed his part in the transaction and agreed to testify on behalf of the state, from testifying in the case, that the appellant, by threats and intimidation, had attempted to get such witness out of the jurisdiction of the court before the trial of said cause. The defendant objected to all such evidence, for the reason, as he stated, that by such evidence the state sought to prove an entirely separate and distinct crime other than that charged in the indictment and that the evidence was with reference to an entirely collateral matter and was wholly irrelevant to prove or disprove any of the issues presented by the indictment. In *Eacock* v. *State* (1907), 169 Ind. 488, on page 499, the court said: "Evidence that an accused has pro-

cured or attempted to procure the absence of a witness and thereby prevented, or attempted to prevent, his testifying is admissible * * *." An accused cannot be convicted for any offense other than the one for which he is on trial, and, as a general rule, evidence of other offenses is not admissible, but competent evidence will not be rejected because it tends to prove another offense. *Baker* v. *State* (1921), 190 Ind. 385 and cases there cited. The evidence was properly admitted. *Eacock* v. *State, supra.*

Relative to the testimony admitted tending to show that appellant had attempted to prevent a witness from testifying in the case, the court, of its own motion, gave the following instruction, numbered 5:

"If you believe from the evidence in this case beyond a reasonable doubt that on or about the 28th day of March, 1922, after an indictment in this cause was returned and while said cause was pending in this court, the defendant, George W. Adams, attempted to prevent the prosecuting witness, Angus Butcher, from being present and testifying as a witness on behalf of the State at the trial of this cause, and that such attempt upon the part of the defendant was made by means of threats and intimidation or by carrying or attempting to carry the said Angus Butcher beyond the jurisdiction of this court, then you may consider such attempt upon the part of the defendant as a circumstance along with all the other evidence in this cause in determining the guilt or innocence of this defendant, but such attempt upon the part of the defendant must first be established beyond a reasonable doubt." The objection to this instruction urged by the appellant is the same as he urges to the admission of the testimony showing his attempt to prevent the witness from testifying. For reasons stated in the discussion of the testimony, it was not error to give this instruction.

Appellant urges that the giving of instruction No. 6, given by the court of its own motion was erroneous, because he says that this instruction places an 2, 3. undue burden upon the appellant in that it required appellant to raise a reasonable doubt in the minds of the jury as to his guilt and required him to assume the burden of establishing his innocence, or to raise a reasonable doubt as to his guilt. In support of appellant's objection, he cites, *Dorak* v. *State* (1915), 183 Ind. 622. In that case, the court below instructed the jury that where the defendant attempts to justify the killing as having been done in self-defense, "the burden is on the defendant to show he was justified in the act, and in the use of a deadly weapon, or to offer evidence sufficient to raise in your minds a reasonable doubt as to his justification of such acts." This instruction is totally different from the one in the instant case. In the instant case, the instruction was given with reference to what is known in law as an alibi, and contains this language, "and the court instructs you, if the evidence in support of this defense raises a reasonable doubt in your minds whether the defendant was at the garage of Riley Bryan or in his own home at the time when the larceny charged was committed, then you ought to find the defendant not guilty." But this clause, to which appellant objects, is immediately followed by the following, "and the court further instructs you that if all the evidence given in the cause relevant to the alibi, either when considered alone or when taken together with all the other evidence in the cause, raises in your minds a reasonable doubt of the guilt of the defendant, then you should find the defendant not guilty." The way we read this instruction it does not place the burden upon the defendant to prove anything. It is in this state the law that the defendant, in a criminal case, is not required to satisfy the jury of the exist-

ence of any fact which, if true, is a complete defense. It is sufficient if he creates in the minds of the jury a reasonable doubt of the existence of such fact. *Hinshaw* v. *State* (1897), 147 Ind. 334.

In the case of *Walters* v. *State* (1915), 183 Ind. 178, cited by appellant, the court says, in discussing the instruction: "It is sufficient to entitle the defendant to acquittal if the evidence in the case is such as to create or leave a reasonable doubt as to his guilt regardless of whether it is produced by the defendant or by the State." This instruction is not open to the objection urged against it. *Walters* v. *State, supra.*

Instruction No. 7, given by the court of its own motion, is as follows: "The jury are instructed that in a criminal cause the defendant is presumed to be innocent until his guilt is shown by the evidence beyond a reasonable doubt, and this rule requires that each juror be convinced by the evidence beyond a reasonable doubt that the defendant is guilty under the law of the offense charged in the indictment. The court further instructs you that while it is the duty of each juror to act upon his own individual judgment and determine for himself the issue of the guilt or innocence of the defendant of the crime charged, and that he must look solely to the law and the evidence in the cause in determining for himself the guilt or innocence of the defendant, yet, it is likewise the duty of each juror to consult honestly, freely and fairly with his fellow jurors and endeavor with them, by a fair consideration of the law and evidence in the cause, to arrive at a just conclusion as to the guilt or innocence of the defendant. No juror, through carelessness or indifference, should yield his own judgment in this cause to the judgment of his fellow jurors. Neither should he, on the other hand, allow mere pride of personal opinion to prevent him from consulting and reasoning and deliberating with his fel-

low jurors in an honest and good-faith effort to arrive at a just verdict in this cause."

The appellant says that this instruction was clearly prejudicial to the appellant for the reason that the court used the following language in defining the duties 4. of jurors; "neither should he, on the other hand, allow mere pride of personal opinion to prevent him from consulting and reasoning and deliberating with his fellow jurors in an honest and good-faith effort to arrive at a just opinion in this cause." It does not, as appellant insists, direct each juror to waive his own personal opinion as to the guilt or innocence of the defendant when consulting, reasoning and deliberating with his fellow jurors, and adopt the reasoning and argument of his fellow jurors. We cannot think that this instruction would mislead any juryman to believe that he must subserve his own opinion to that of his fellow jurors. This instruction is not open to the objection urged against it.

Instruction No. 14, given by the court of its own motion, is as follows: "An accomplice is one who, with criminal intent, acts with others and participates in the commission of a crime. Under the laws of the State of Indiana, an accomplice is competent as a witness for the state in the trial of a criminal case. The evidence of an accomplice is to be received and weighed by the jury in the same manner and according to the same rules as the evidence of any other witness. It is the duty of the court and jury to carefully scrutinize the testimony of an accomplice; and, if his testimony shall be found sufficiently satisfactory to the jury, they may return a verdict of guilty on his testimony alone."

The appellant urges that this instruction is erroneous because it closes with the following sentence: 5. "if his testimony shall be found sufficiently satisfactory to the jury, they may return a verdict of

guilty on his testimony alone." This criticism assumes. that the jury had forgotten the other instructions given in the cause. The jury were instructed fully and clearly on the subject of reasonable doubt and they must have understood this clause in instruction No. 14, to mean that if his testimony shall be found to establish the guilt of the defendant beyond a reasonable doubt they may return a verdict of guilty on his testimony alone. This instruction when taken together with the other instructions in the case could not have been misunderstood by the jury. It was not erroneous. *Schuster* v. *State* (1912), 178 Ind. 320.

The appellant claims that it was error to give instruction No. 15, given by the court of its own motion.

6. This was an instruction given relative to the weight and credibility of witnesses who testified in the cause. The appellant sets out the following language in said instruction and says that it is prejudicial to the rights of appellant because it assumes that the jury will reject the evidence of defendant by reason of his interest in the cause. The part of the instruction which is set out by the appellant in his brief, is as follows: "You are further instructed that the defendant, George W. Adams, having testified as a witness in this cause in his own behalf, you should not reject his evidence merely because of the fact that he is the defendant and now on trial." This is a part of the first sentence in said instruction relative to the testimony of the defendant, but to this is added the following: "but you are to judge of his testimony by the same standards as that of any other witness, taking into consideration all the matters and applying all the standards to his testimony by which you would judge the credibility of the other witnesses who have testified before you and the weight to be given to their evidence, and then give to his testimony in this cause whatever

weight it is, in your opinion, justly entitled to, in determining the issues joined in this cause, and you finally give to the testimony of each and every witness who had testified before you on this cause just whatever weight and credit you believe it to be entitled to receive." The part of said instruction relative to the testimony of the appellant, when set out in full, shows there was nothing in it prejudicial to appellant. It instructed the jury to consider his testimony and apply to it the same standards by which they would judge the credibility of other witnesses that have testified before them, and the weight to be given to their evidence. This instruction clearly was not harmful to the appellant. It was not error to give it.

The next proposition relied upon by appellant for reversal is that the verdict of the jury is not sustained by sufficient evidence and is contrary to law. In 7, 8. considering this question, the court must consider only the evidence favorable to the appellee. Appellant claims that the conviction of appellant rests entirely upon the testimony of one Angus Butcher, an accomplice. That Butcher was at the time of the trial under indictment in the Jay Circuit Court, charged with the same crime; that he was an accomplice and that a safe rule for courts or jurors to follow is that there must be corroboration of the testimony of an accomplice in all details before a conviction should be permitted to stand. That, at the very least, no conviction should stand where an accomplice is disputed in every detail. This asks us to weigh the evidence in the case, which we cannot do.

By §2111 Burns 1914, Acts 1905 p. 584, accomplices are competent witnesses when they consent to testify. In *Schuster* v. *State, supra,* it is held that an 9. instruction that the evidence of an accomplice testifying should be received by the court and

jury and weighed and considered the same as any other testimony in the case and, if found satisfactory by the jury, may be sufficient to support a conviction, is not erroneous. A defendant may be convicted on the uncorroborated testimony of an accomplice, if the jury concluded to convict the defendant, although testimony of such accomplice is standing alone, uncorroborated by any other witness or evidence in the case. *Voorhees* v. *State* (1922), 192 Ind. 15, 134 N. E. 855; *Parsons* v. *State* (1921), 191 Ind. 194, 131 N. E. 381.

The verdict is supported by sufficient evidence, and is not contrary to law.

Judgment affirmed.