## KIRTS *v*. STATE OF INDIANA.

[No. 24,504. Filed March 19, 1926. Rehearing denied June 2, 1926.]

1. CRIMINAL LAW.—*Review of refusal of instruction where the evidence is not in the record.*—Where the evidence is not in the record, an appellant who seeks a review of the action of the court in refusing an instruction must affirmatively rebut the presumption that the requested instruction was refused because not applicable to the evidence or that it was covered, or substantially so, by instructions given. p. 41.

2. CRIMINAL LAW.—*Review of instructions given when evidence not in the record.*—Where the evidence is not in the record, the Supreme Court will not hold instructions given by the court erroneous if correct upon any supposable state of facts that would be admissible under the issues. p. 41.

3. INTOXICATING LIQUORS.—*Instruction that it was not a crime to transport less than gallon of intoxicating liquor in owner's pocket properly refused.*—In a prosecution for transporting intoxicating liquor in an automobile (Acts 1923 p. 108), there was no error in refusing an instruction that the transportation of less than a gallon of such liquor in the pocket of the owner was not a crime, even though the mere possession of intoxicating liquor was not unlawful. p. 41.

4. INTOXICATING LIQUORS.—*Statement in affidavit of quantity of liquor transported in automobile is surplusage and need not be proved.*—In a prosecution for unlawfully transporting intoxicating liquor in an automobile, a statement in the affidavit of the quantity of liquor transported is not of the essence of the offense, but surplusage, and need not be proved. p. 42.

5. CRIMINAL LAW.—*Instruction that jury might find accused guilty under another statute prescribing lesser penalty for same offense not reversible error.*—An instruction that the jury might find the accused guilty under another statute prescribing a lesser penalty for the same offense was not reversible error where the jury found the defendant guilty of violating the statute on which the prosecution was based. p. 43.

6. INTOXICATING LIQUORS.—*Instruction stating the lesser of two penalties for same offense not reversible error.*—In a prosecution for transporting intoxicating liquor under Acts 1923 p. 108, which constituted a felony, an instruction that the jury might find the accused guilty under Acts 1923 p. 70, which prescribed a lesser penalty for the same offense, was not reversible error where the jury found him guilty as charged. p. 43.

7. CRIMINAL LAW.—*Refusal of instruction must be made ground for new trial.*—The refusal of an instruction must be made one of the grounds for a new trial in order to have the action of the court reviewed on appeal. p. 43.
8. CRIMINAL LAW.—On petition for rehearing, the petitioner cannot attack the decision on other grounds or for other reasons than those presented at the original hearing. p. 44.
9. CRIMINAL LAW.—Appellate courts may search the record to affirm, but not to reverse, the judgment. p. 44.
10. CRIMINAL LAW.—*Instruction that defendant could be found guilty if evidence showed his guilt "within two years" not necessarily, erroneous although the affidavit charged an offense before law went into effect.*—An instruction that the defendant could be found guilty if the evidence showed him to have transported intoxicating liquor "within two years" of the filing of the affidavit was not necessarily erroneous, although the law on which the prosecution was based had been in effect only four months prior to the filing of the affidavit and the affidavit charged the commission of the offense before the law went into force, as the evidence may have shown that it was committed after the law went into effect. p. 44.

From Warren Circuit Court; *Burton B. Berry,* Judge.

George Kirts was convicted of unlawfully transporting intoxicating liquor in an automobile, and he appeals. *Affirmed.*

*Edwin F. McCabe, Charles E. McCabe* and *Edward L. McCabe,* for appellant.

*U. S. Lesh,* Attorney-General and *Mrs. Edward Franklin White,* Deputy Attorney-General, for the State.

MYERS, J.—Appellant, in the court below, was convicted of an offense defined by §1, Acts 1923 p. 108. Accordingly, judgment was rendered. Appellant appealed and has assigned as error in this court the overruling of his motion for a new trial, wherein the causes relied on are the refusal of the trial court to give his requested instruction No. 23, and in giving instructions Nos. 1, 2, 16 and 21 upon its own motion.

The evidence is not before us. This being true, it

follows that certain well-settled rules, influential in determining questions pertaining to the refusal or to the giving of instructions should be observed.

Applying these rules to the case at hand, appellant must not only establish error by the record, but also affirmatively rebut the presumption that the requested instruction was refused because not applicable to the evidence, or that it was covered, or substantially so, by instructions given. *Vorhees* v. *State* (1922), 192 Ind. 15, 134 N. E. 855; *Kell* v. *State* (1924), 194 Ind. 374, 142 N. E. 865; *Rokvic* v. *State* (1924), 194 Ind. 450, 143 N. E. 357. Furthermore, this court will not consider instructions given by the court erroneous, if correct under the issues upon any supposable state of facts. *McIntosh* v. *State* (1898), 151 Ind. 251, 51 N. E. 354; *Schuster* v. *State* (1912), 178 Ind. 320, 99 N. E. 422; *Kilgore* v. *Gannon* (1916), 185 Ind. 682, 114 N. E. 446, L. R. A. 1917E 530.

The affidavit in this case, in substance, charged that appellant, on February 1, 1923, unlawfully transported in his automobile more than one gallon of intoxicating liquor. Appellant, by his instruction refused, sought to have the jury told, in effect, that the transportation of less than a gallon of intoxicating liquor in the pocket of its owner would not be a crime. At the time the instruction was offered, mere possession of intoxicating liquor was not an offense. Hence, it is insisted that possession of less than a gallon of intoxicating liquor for the exclusive use of its owner, whether being transported or not, was lawful. We cannot agree with this contention. The charge, as we have seen, was unlawfully transporting the article forbidden in a certain vehicle, and not mere possession. There was no error in refusing the instruction.

Directing our attention to the instructions given by the court upon its own motion and challenged as being

erroneous, it will be observed that Nos. 1 and 4. 16 informed the jury that the material allegations of the affidavit were "the unlawful transportation of intoxicating liquor in an automobile in the county of Warren and State of Indiana" on a date named. Appellant insists that the quantity of liquor mentioned in the affidavit was a matter of description in charging the offense, and must be proved precisely as charged. Citing, *Sharley* v. *State* (1876), 54 Ind. 168; *Hart* v. *State* (1877), 55 Ind. 599; *Rooker* v. *State* (1878), 65 Ind. 86; *Dennis* v. *State* (1883), 91 Ind. 291. It does not affirmatively appear from the instructions given that the quantity of liquor transported was less than that stated in the affidavit, unless we may infer from the instructions that a less quantity was proved because the court misstated the language of the affidavit by omitting the words "more than a gallon." However this may be, and conceding that the cases cited affirm the doctrine that matters of description in criminal pleadings, although unnecessarily alleged, must be proved as declared, still, in the instant case, the gravamen of the offense charged was the unlawful transportation of intoxicating liquor in an automobile. In our opinion, the quantity of liquor transported is not descriptive of the liquor or of the method of transporting it. Had the affidavit described the liquor so transported as "gin," "whisky," "rum," "alcohol," or otherwise characterized it, then the instruction, by failing to confine the state to proof of the liquor according to the description set forth in the affidavit, would have been erroneous. In our view of this case, the words "more than a gallon" found in the affidavit were surplusage, and if so, the state was not required to prove them.

Furthermore, instruction No. 1 contained a copy of that part of the statute defining the crime with which

appellant was charged, and instruction No. 2
5, 6. quoted to the jury that part of §1, Acts 1923 p.
70, defining the offense therein made a misde-
meanor and the punishment therein provided.  By in-
struction No. 21, the jury was told that it might find
appellant guilty of the offense defined in either of the
statutes to which its attention had been called, and then
explained the three forms of verdict which were fur-
nished it.  These forms of verdict were appropriate in
case appellant was found guilty under either of the
above named statutes, or in case he was found not
guilty.  The fact that the jury was permitted by two of
these instructions to find appellant guilty of an offense
carrying a less penalty than that with which he was
charged by the affidavit, will not be regarded as harm-
ful to him, since it appears that the jury was not in-
fluenced by them.  17 C. J. 345, §3700.

It must not be inferred from the conclusion just
reached that we are inclined to the opinion that the
affidavit at bar charged an offense consisting of differ-
ent degrees, nor do we mean to hold that the instruc-
tion relative to the statute making it a misdemeanor
to transport intoxicating liquor, regardless of the means
used, was a proper instruction in the instant case.
What we do hold is, that the giving of the instructions
last considered, in view of the finding of the jury, is
not an error entitling appellant to a reversal of the
judgment.

We find no reversible error in the record.

Judgment affirmed.

ON PETITION FOR REHEARING.

MYERS, C. J.—On petition for a rehearing, appellant
asserts that we failed to consider his tendered in-
7. struction No. 13.  Had appellant desired to ques-
tion the action of the court in refusing to give

this instruction, he should have included it in his motion for a new trial. Not having done so, his mention of it in his points and authorities presents no question.

The other two points of his petition together indicate a purpose to challenge our ruling pertaining to instruction No. 1 given by the court upon its own 8-10. motion. Our conclusion then and now is that the objections then urged by appellant were not well taken. He now submits a new and additional reason to the effect that the affidavit charged him with the violation of a statute not then in existence. His contention in this respect cannot be sustained for two reasons: (1) We know of no rule of practice permitting a party on rehearing to attack a decision unfavorable to him upon grounds or for reasons not mentioned in his original presentation. The rule is elementary that appellate courts, conceded to have jurisdiction of a cause, may search the record to affirm but not to reverse a judgment; (2) the record discloses that the affidavit in this case was filed with a justice of the peace of Pike township, Warren county, on June 25, 1923, and a warrant was then issued to a constable of that township who, on June 26, arrested appellant and took him before the justice. He waived examination and was thereupon recognized to appear before the Warren Circuit Court, where, on September 14, 1923, he was tried and found guilty. The statute defining the offense of which appellant was convicted took effect March 1, 1923. The affidavit herein was filed nearly four months thereafter, and although it charged that the offense was committed on or about February 1, 1923, still, for anything disclosed by the record at bar, the evidence may have conclusively shown the commission of the alleged offense on a day certain between March 1 and June 25. That fact was provable under

the issues, and hence the instruction would not necessarily be erroneous, even though it contained the "within two years" clause. *Ferris* v. *State* (1901), 156 Ind. 224, 59 N. E. 475; *Oleske* v. *Piotrowski* (1919), 71 Ind. App. 136, 124 N. E. 399; *Hopkins* v. *Dreyer* (1924), 81 Ind. App. 433, 142 N. E. 17.

The petition for a rehearing is denied.