PLEAK *v.* STATE OF INDIANA.

[No. 25,422.   Filed August 14, 1929.]

*Carl Pleak, Benjamin F. Zieg, William McClain* and *Thomas W. Lindsey*, for appellant.

, *Arthur L. Gilliom* and *James M. Ogden*, Attorney-Generals, *Harry L. Gause* and *E. Burke Walker*, Deputy Attorney-Generals, for the State.

GEMMILL, C. J.—In this criminal action, the appellant was charged by indictment, tried by jury and convicted of producing an abortion on one Clara Coomes. Judgment of fine and imprisonment was rendered on the verdict of the jury. The crime of abortion is defined in §2435 Burns 1926.

The appellant has assigned seven causes for a reversal of the judgment. Five of these causes relate to the ruling on a plea in abatement, which alleged that the grand jury which indicted the appellant was not a legal grand

jury. The sixth and seventh causes question the overruling of motions to quash the indictment and for a new trial.

To the verified answer in abatement, a reply denying each and every material allegation therein was filed. There was a trial on the plea in abatement and the evidence thereon is in the record. On this part of the case, the appellant claims that the circuit court erred as follows: In its findings against the appellant on the issues joined in his answer in abatement and reply in denial thereto; in holding that the court did not err in excusing for grand jury service for the December Term, 1926, a named prospective grand juror; in holding that the grand jury was legally empaneled; in holding that the answer in abatement was not sustained by the evidence; and in refusing to abate the action.

Alleged errors, occurring on the trial of issues formed on a plea in abatement must be saved by assigning the same as causes for a new trial. *Williams* v. *State* (1907), 169 Ind. 384, 82 N. E. 790. This was not done. The practical doctrine is that rulings connected with the trial or made during its progress must be brought before the trial court for review. Elliott, Appellate Procedure §828.

Assignments of error one to five inclusive do not present anything for consideration by this court.

The sixth assignment of error is that the court erred in overruling the motion to quash the indictment. During the oral argument of this cause in this court, counsel for appellant stated that this assignment of error was not well taken.

In the motion for a new trial, twelve reasons are given for same, but only three of them are now relied upon and presented by the appellant. These are that the court erred in giving to the jury, at the request of the State, instruction No. 1 and instruction No. 2; and newly

discovered evidence, material for the defendant, which he could not with reasonable diligence have discovered and produced at the trial.

Said instruction No. 1 was as follows: "I instruct you that the evidence of an accomplice in the commission of a crime should be carefully considered and scrutinized by you; but if after such consideration you believe it, under all the facts and circumstances in the case, and from it you have no reasonable doubt of the guilt of the accused, you may base your verdict upon the same even though it be uncorroborated." The term "accomplice in crime" is defined in defendant's instruction No. 10, given by the court. In other instructions, the jury was clearly informed as to what constituted reasonable doubt. The reference to "facts and circumstances in the case" meant facts and circumstances in the evidence. In this jurisdiction, accomplices are competent witnesses when they consent to testify. §2266 Burns 1926. Conviction may be had on the uncorroborated testimony of an accomplice. *Schuster* v. *State* (1912), 178 Ind. 320, 99 N. E. 422; *Parsons* v. *State* (1921), 191 Ind. 194, 131 N. E. 381; *Vorhees* v. *State* (1922), 192 Ind. 15, 134 N. E. 855; *Adams* v. *State* (1923), 194 Ind. 512, 141 N. E. 460. In the last case cited, an instruction approved by this court contained the following statement: "It is the duty of the court and jury to carefully scrutinize the testimony of an accomplice; and, if his testimony shall be found sufficiently satisfactory to the jury, they may return a verdict of guilty on his testimony alone." The instruction under consideration, when considered with other instructions in the case, could not have been misunderstood by the jury. The giving of same was not error.

Instruction No. 2 was as follows: "Every man is presumed to intend the natural consequences of his acts,

and where one does an illegal act he is responsible for all the consequences that legitimately flow therefrom. So I instruct you that if you find from the evidence beyond all reasonable doubt that at the time the defendant Ezra H. Pleak used the instrument or instruments in and upon the body and womb of the said Clara Coomes as alleged in the indictment in this case, if you so find that he, the said defendant, did use the said instruments, and for several years prior thereto had been a practicing physician and surgeon and, as such, knew the natural and usual results and consequences of the use of said instruments in that manner in and upon the body and womb of pregnant women, you may take those facts into consideration in determining whether or not the defendant then and there intended to produce and cause the miscarriage of the said Clara Coomes." Appellant says that this instruction was erroneous, as it gave undue and unwarranted prominence to the fact that the accused was a physician. There is no merit to this objection and the appellant could not have been harmed by this instruction.

The claim of newly discovered evidence is predicated upon the affidavit of Rachel Wetzel, part of which is, in substance, as follows: She was 35 years of age and a married woman. On January 1, 1927, between the hours of 11 o'clock a. m. and 12 o'clock noon, she entered the door leading from the hall into the reception room of the office of Dr. Ezra H. Pleak in the city of Evansville. As she entered the reception room, a young man and woman were invited by Dr. Pleak to come from the reception room into his private office, adjoining the reception room. They went in and he closed the door. She sat down near the door leading from the reception room into the private office, and there was no noise in either room, any more than was necessarily caused by the moving around of Dr. Pleak and the man and woman

who were in the private office. The man and woman were not in the private office more than five minutes. Then Dr. Pleak opened the door between the private office and the reception room, and as the man and woman went from the private office through a door into the hall, she heard Dr. Ezra H. Pleak say to the man, as they started out, substantially this: "Take your wife to some other doctor, I am not in that kind of business." She did not disclose the information that she had until after Dr. Pleak's trial; and she would testify to the facts stated if a new trial should be granted. The appellant, in his motion for a new trial, which was sworn to by him, said that, prior to his trial and at the trial, he did not remember that Rachel Wetzel was in his office on January 1, 1927. The record shows that part of the testimony of the defendant was as follows: "I said, did Doctor McClary send you to my office, is he your family physician? She says, 'yes,' and I said I am not in that business and I told them if Doctor McClary could not take care of his patients, he need not send them to me, I opened the door and immediately told them to get out."

To secure a new trial on the ground of newly discovered evidence, it must appear that the new evidence is of such character as to raise a reasonable presumption that the result would be different on another trial. *Turner* v. *State* (1885), 102 Ind. 425, 1 N. E. 869; *Cooper* v. *State* (1889), 120 Ind. 377, 22 N. E. 320; *Donahue* v. *State* (1905), 165 Ind. 148, 74 N. E. 996; *Bruce* v. *State* (1927), 199 Ind. 489, 158 N. E. 480. In Underhill, Criminal Evidence (3rd ed.) §785, the following is stated: "Whether a new trial shall be granted upon the grounds of newly discovered evidence is in the legal discretion of the court. If this discretion is exercised in a legal and proper manner, the action of the court in denying a motion for a new trial is not reversible." Considering the affidavit of Rachel Wetzel, to-

gether with all the evidence as it appears in the record, it seems that the new evidence would not change the result if a second trial should be had. The trial court in refusing to grant a new trial on account of newly discovered evidence did not abuse its discretion.

The court did not err in overruling the motion for a new trial.

The judgment is affirmed.

Myers, J., not participating.