ROY F. QUILES, MICHAEL BRIDGMON *v.* STATE OF INDIANA

[No. 3-776A172. Filed September 28, 1977.]

*Arthur J. O'Donnell*, of Chicago, Illinois, for appellant Quiles, *Rudy Lozano, Spangler, Jennings, Spangler & Dougherty*, of Gary, for appellant Bridgmon.

*Theodore L. Sendak*, Attorney General, *Robert F. Colker*, Assistant Attorney General, for appellee.

GARRARD, J.—After a joint trial to a jury Bridgmon was convicted of sale of a controlled substance (phencyclidine) and Quiles was convicted of delivering a controlled substance.

On appeal both assert the state failed to establish a sufficient chain of custody to permit introduction of the substance analyzed as phencyclidine. In addition, appellant Quiles asserts prejudicial error in the admission of evidence of a separate crime committed by him. We affirm.

Officer McPhillips, who made the purchase, testified that he personally retained possession of the packet containing the unknown substance until the morning after the purchase. He then took the packet to the Hammond police station where he inventoried it and placed it in an envelope which he sealed. On this envelope he placed his name, the date, and the number assigned to the case in the Hammond Police Department. He then took the envelope to the Northwest Criminal Toxicology Laboratory in Gary. He delivered the envelope to a secretary who assigned it a crime lab number. She then stamped the envelope to show the date received and wrote the assigned lab number and her name on it. McPhillips then waited until the toxicologist came and took the envelope to the laboratory. When McPhillips returned to the lab on August 6th, he received a larger envelope upon which blanks were filled in describing the contents as a sealed envelope containing a foil packet holding .038 gm. of an off-white powder submitted by Mike McPhillips of the Hammond Police Department on July 24, 1975. This envelope also bore the lab number, the "case number" and signatures indicating that Carsten Falkenberg was the analyst and that he received and returned the envelope 7/24/75.

The problem urged in the chain of evidence is that while both envelopes bore the laboratory's identification number, the Hammond Police Department number, 75-35613, was written "35673" on the second envelope. From this inconsistency, Falkenberg's inability to specifically recall the details of testing this particular sample, and the fact that the contents were identified as phencyclidine when McPhillips' information was that the drugs were supposedly tetrahydrocannabinol, it is urged that a proper chain of custody was not sufficiently established to permit introduction of the evidence. We disagree.

> The rule requiring establishment of the chain of custody to make evidence admissible is essentially a rule of relevance and a function of the requirement of proof beyond a reasonable doubt in a criminal case.

Thus, where the evidence is subject to substitution, tampering, or mistake it may be excluded when its whereabouts cannot be accounted for during a substantial period of time. *Graham v. State* (1970), 253 Ind. 525, 255 N.E.2d 652. However, the mere possibility of tampering does not require exclusion. *Jones v. State* (1973), 260 Ind. 463, 296 N.E.2d 407; *Guthrie v. State* (1970), 254 Ind. 356, 260 N.E.2d 579.

That McPhillips thought he was purchasing one illicit drug and was in fact provided another has little relevance under the facts in this case.[1] While the toxicologist could not independently recall testing this particular exhibit, he was certain that he had done so, that standard laboratory procedures had been followed, and that no error had been made.

We turn then to the question of identification numbers. The laboratory number was the same on both envelopes and the other descriptive matter on the lab envelope identified the envelope brought by McPhillips. The difference in the Hammond Police Department numbers consisted in dropping the prefix 75 and substituting a 7 for a 1 in the remaining five digit number. Falkenberg testified that he probably misread the 1, and

---

1. There is no contention that one would be readily distinguishable from the other by McPhillips.

examination of the McPhillips envelope (State Exhibit 1) reveals the numbers were handwritten and a streak or smudge appears so that the numbers appear: 7535613. Moreover, McPhillips waited until Falkenberg picked up the exhibit and the lab record shows the test was conducted and the envelope returned to the lab safe that same day.

Accordingly, we hold the exhibits were properly admitted subject to attack as to the weight they should carry because of the deficiencies pointed out by appellants.

Appellant Quiles raises an additional error concerning evidence of a separate crime.

Lee Stanley was a private investigator who acted as the informant and undercover agent in this case and testified for the state. At trial he was permitted to testify that approximately a month before, on January 3, 1976, Quiles had shot at him from a car.

This evidence was properly admissible, despite the fact it constituted a separate offense, as conduct evincing consciousness of guilt. *Matthew v. State* (1975), 263 Ind. 672, 337 N.E.2d 821; *Adams v. State* (1923), 194 Ind. 512, 141 N.E. 460.

Both convictions are affirmed.

Staton, P.J. and Hoffman, J. concur.

NOTE—Reported at 367 N.E.2d 1098.